**Elizabeth MALMROSE, Administratrix of the Estate of Eben H. James**

v.

**ESTATE OF F. G. ALJOE and Continental National American Group Insurance Co.**

**Civ. A. No. 80–42 Erie.**

United States District Court, W. D. Pennsylvania.

Dec. 15, 1981.

James Blackwood, Erie, Pa., for plaintiff.

John Wolford, Erie, Pa., for defendant Aljoe.

John Gent, Erie, Pa., for Continental Nat. American Group Ins.

## MEMORANDUM ORDER

WEBER, Chief Judge.

Presently there are two motions pending before us in the above action. The first is a motion to dismiss the plaintiff's complaint filed by defendant Estate of F. G. Aljoe. In this motion the defendant argues that, under Pennsylvania law, an action cannot be brought against a decedent's estate. Rather the action must be brought against the personal representative of the decedent. See, 20 P.S. § 3373. Because the plaintiff did not bring this action against the personal representative of Aljoe, and because the statute of limitations against the personal representative has now expired, the defendant urges that we dismiss the plaintiff's claims against the Estate of F. G. Aljoe.

The second motion pending in this case is the plaintiff's motion to amend its complaint to substitute R. Loretta Turner, Executrix of the Estate of F. G. Aljoe, as a named defendant. According to the plaintiff this amendment would cure the inadequacies in the plaintiff's original complaint and would effectively defeat the defendant's motion to dismiss.

In this case we believe that the plaintiff should be allowed to amend her complaint. Accordingly we will grant the plaintiff's motion to amend and deny the defendant's motion to dismiss.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings should be freely given when justice so requires. In this case we can see no reason for denying the plaintiff leave to amend. This amendment would simply ensure that the plaintiff's complaint designated the existing defendants in a manner which was consistent with Pennsylvania law. It does not add new parties. Nor does it in any way change the substance of the claims made by the plaintiff. This amendment therefore in no way prejudices the defendants in this action.

Nor do we believe that the statute of limitations bars this amendment of the plaintiff's complaint. Rule 15(c) generally provides that amended pleadings relate back to the date of the original pleading when that amended pleading arises out of the same conduct as the original pleading. When an amendment changes the party against whom a claim is made it will relate back if (1) that party has received notice of the lawsuit so that he will not be prejudiced in maintaining a defense on the merits; and (2) the defending party knew or should have known that it would have been named but for an error by the plaintiff.

In this case we feel that the requirements of Rule 15(c) are met. The plaintiff's proposed amended complaint involves the same conduct as the original complaint. The interests of defendant Estate of F. G. Aljoe are identical to those of the Executrix, Loretta Turner. The Estate of F. G. Aljoe has been involved in this litigation since its inception. It has filed an answer, conducted discovery and prepared a full defense. There is no reason to believe that the plaintiff's proposed amendment would in any way prejudice this defendant. Moreover this defendant has apparently recognized, since the outset of litigation, that, absent a mistake by the plaintiff, R. Loretta Turner, as Executrix, would have been named as a defendant. Therefore this amendment should be permitted to relate back to the date of the original complaint. See *Loudonslager v. Teeple*, 466 F.2d 249 (3d Cir. 1972), (Personal representative of decedent's estate substituted for decedent by amended complaint; held, amendment relates back to the date of the original complaint.). The original complaint having been timely filed, this amendment is also deemed timely.

Accordingly this 15th day of December 1981 IT IS ORDERED that the motion of defendant Estate of F. G. Aljoe to dismiss the plaintiff's complaint is DENIED. It is further ORDERED that the plaintiff's motion to amend her complaint to substitute R. Loretta Turner, Executrix of the Estate of F. G. Aljoe for defendant Estate of F. G. Aljoe is GRANTED.