2000-NMCA-032

999 P.2d 434

**Karin GRAUBARD, Plaintiff–Respondent,**

v.

**The BALCOR COMPANY, Defendant–Applicant,**

and

**Pacific Mutual Life Insurance Company and Dave Honerkamp, Defendants.**

No. 20,846.

Court of Appeals of New Mexico.

March 14, 2000.

Albert N. Thiel, Jr., Will Ferguson & Associates, Albuquerque, for Respondent.

Jane A. Laflin, Emily A. Franke, Butt, Thornton & Baehr, P.C., Albuquerque, for Applicant.

Corey A. Goldsand, Madison, Harbour, Mroz, & Brennan, Albuquerque, for Defendants.

## OPINION

ALARID, Judge.

{1} Defendant, The Balcor Company (Balcor), filed an application for interlocutory appeal from an order denying its motion to dismiss Plaintiff's personal injury complaint against it for improper service of process. This Court granted the appeal and proposed summary reversal and remand to the district court for reconsideration of the motion. Both parties have responded to the proposed disposition and, having considered their arguments, we reverse the order denying the motion to dismiss and remand to the district court for reconsideration in light of the standards enunciated below.

## BACKGROUND

{2} The order denying Balcor's motion determined that there were three relevant dates: (1) March 28, 1997, the date the complaint was filed in district court naming Balcor's predecessor in interest as a defendant; (2) March 31, 1997, the date the statute of limitations ran on Plaintiff's claim; and (3) June 6, 1998, the date that the summons and complaint were served on Balcor's predecessor in interest. The parties do not contest these dates or their relevance.

{3} In its letter decision, the district court stated its opinion that the fourteen month delay was too long to wait to serve a party, particularly when there was no evidence that the party had prior notice of the suit. The district court continued:

> However, the Court of Appeals in *Prieto v. Home Ed. Livelihood Program,* 94 N.M. 738, 616 P.2d 1123 (Ct.App.1980) establishes that a complaint may be properly dismissed for lack of reasonable diligence upon a showing of intentional delay by the Plaintiff. There is no evidence of intentional delay in this case. The Motion to Dismiss is denied without prejudice. Should the Defendant obtain evidence of intentional delay, I will rehear the motion.

The order denying the motion and certifying the question for interlocutory appeal did not reiterate the findings or reasoning reflected in the letter decision but denied the motion as not well taken.

## ANALYSIS

{4} Balcor filed a motion to dismiss on December 4, 1998. This motion asserted as grounds for dismissal that Balcor received service of the complaint on October 26, 1998, and the complaint did not name or in any way identify it. Balcor asserted that service was improper since it was not a named party to the action and asked that the complaint be dismissed "for improper service of process and the fact that Balcor is simply not a named party to this action." In late December, Plaintiff filed a response noting that the district court had entered an order on October 2, 1998, allowing Plaintiff to amend the complaint by interlineation to substitute Balcor for its predecessor in interest. In Feb-

ruary 1999, Balcor filed a reply to the response that explicitly asserted the statute of limitations, which had run prior to the time that Balcor was named a party to the action, and that Balcor was unaware of any claim against it when the statute ran on March 31, 1997. It argued that it was not given notice of the claim until 17 months after the statute of limitations had run.

{5} We determine that Balcor timely asserted the defense of improper service of process including the lack of due diligence in effecting service. *Cf. Rupp v. Hurley*, 1999–NMCA–057, ¶ 20, 127 N.M. 222, 979 P.2d 733 (NMSA 1978 Rule 1–012(B)(5) defense of insufficiency of service of process is waived if not raised at the first opportunity, i.e., with the answer or as part of the first motion to dismiss).

{6} Plaintiff argues that the district court correctly interpreted *Prieto* as requiring a showing of intentional delay before an appeal could be dismissed for delayed service of process. We disagree with Plaintiff's interpretation of *Prieto* and reverse and remand this matter to give the district court an opportunity to reconsider the motion.

{7} In *Prieto*, this Court considered the effect of a three month delay in the service of process where the trial court did not find a lack of diligence in obtaining service and the trial court's remarks were understood to find no fault on the plaintiff's part for the delay in service. *See Prieto*, 94 N.M. at 742, 616 P.2d at 1127. The record in that case also failed to establish laches or willful delay. *See id.* This Court held

> that the statute [of limitations] is tolled by the timely filing of the complaint but that the trial court, in the exercise of its inherent power and in its discretion, independent of statute, *may dismiss a case for failure to prosecute when it is satisfied that plaintiff has not applied due diligence in the prosecution of his suit.*

*See id.* (Emphasis added.)

{8} Plaintiff argues that this Court should understand a lack of due diligence as being synonymous with intentional delay. Defendant, on the other hand, correctly points to case law stating that "a dismissal for failure

to prosecute [with reasonable diligence] is functionally the same as a dismissal for negligence in prosecution." *See, e.g., Gathman-Matotan Architects & Planners, Inc. v. State. Dep't of Fin. & Admin.*, 109 N.M. 492, 493, 787 P.2d 411, 412 (1990) (rejecting the plaintiff's attempt to distinguish between failure to prosecute and negligence in prosecution while interpreting NMSA 1978, § 37–1–14 (1880)).

■ {9} In support of its argument, Plaintiff recites how this Court distinguished *Murphy v. Citizens Bank of Clovis*, 244 F.2d 511, 512 (10th Cir.1957), by noting that the plaintiff in *Murphy* "deliberately waited thirteen months to turn the summons and complaint over to the United States Marshall for service." *Prieto*, 94 N.M. at 741, 616 P.2d at 1126. While in *Murphy* intentional delay in the service of process showed a lack of due diligence, we are not persuaded that in the present case a significant unintentionally-caused delay cannot also demonstrate a lack of due diligence.

{10} It is also worth noting that in *Murphy*, the federal court was interpreting a 1953 New Mexico statute later codified as NMSA 1978, § 37–1–13 (1880), which provided that an intent to issue process immediately would be presumed upon the filing of the petition, declaration, bill, or affidavit in the proper clerk's office. *Cf. Prieto*, 94 N.M. at 741, 616 P.2d at 1126 (determining that Section 37–1–13 was an anachronism in light of the adoption of what are now Rules 1–003 and 1–004 NMRA 2000). Even with the statutory presumption in effect in *Murphy* of an intent to issue process immediately, the Tenth Circuit determined that

> [the plaintiff's] failure to issue process for a period of over thirteen months indicates a continued lack of *reasonable* diligence, an essential to the effective suspension of the statute of limitations.... The trial court found lack of diligence to exist as a fact. The finding is not erroneous and is fatal to plaintiff's complaint.

*Murphy*, 244 F.2d at 512 (emphasis added).

■ {11} We are not persuaded that the discussion of *Murphy* in *Prieto* indicates that intentional delay is a necessary precursor to

finding a lack of due diligence. Nor are we persuaded that New Mexico should adopt the approach taken by other jurisdictions that might require a showing of intentional delay. *Cf. Taylor v. Wiebold,* 390 N.W.2d 128, 129–30 (Iowa 1986) (interpreting Iowa rules where an action is commenced by the filing of a petition in the absence of intentional delay; holding that the plaintiff's action was not time barred due to the statute of limitations running during the seven months between the filing of the petition and service of the notice); *Peters v. E.W. Bliss Co.,* 100 F.R.D. 341, 342 (E.D.Pa.1983) (noting the change in the federal rules of civil procedure providing a 120 day time limit for serving process but determining this amendment was not applicable, the court determined that the lack of prejudice to the defendant was dispositive).

■ {12} We are persuaded that New Mexico case law controls the outcome of this appeal and that the test enunciated in *Prieto* provides for a district court to exercise its discretion in determining whether a delay in service of process demonstrates a lack of due diligence on the part of a plaintiff based on a standard of objective reasonableness. We are not persuaded that *Prieto* should be interpreted as requiring a showing of intentional delay.

{13} Plaintiff argues that, even if *Prieto* does not require a showing of intent to delay, the district court properly exercised its discretion in considering the lack of evidence of an intentional delay in denying Balcor's motion to dismiss. Because the district court's letter decision indicates that it denied the motion based on the failure to show intentional delay, we reverse the order denying Balcor's motion to dismiss and remand to allow the district court to reconsider the motion to determine if the plaintiff failed to exercise due diligence in serving process on Balcor's predecessor in interest based on a standard of objective reasonableness and, if so, to exercise its discretion in determining whether the delay warrants a dismissal of the complaint.

{14} The order denying Balcor's motion to dismiss is reversed and this matter is remanded to the district court for further proceedings.

{15} **IT IS SO ORDERED.**

WECHSLER, and SUTIN, JJ., concur.