2001-NMCA-048

28 P.3d 1151

**Joe ROMERO, as Personal Representative of the Estate of John Herrera, Plaintiff–Appellant,**

v.

**Paul BACHICHA, Defendant–Appellee.**

No. 21,351.

Court of Appeals of New Mexico.

June 28, 2001.

Kevin Martinez, Walter K. Martinez Law Office, Albuquerque, NM, and Anthony Apodaca, Apodaca Law Firm, Los Lunas, NM, for Appellant.

Thomas R. Mack, Miller, Stratvert & Torgerson, P.A., Albuquerque, NM, for Appellee.

## OPINION

PICKARD, Judge.

{1} This case involves the statute of limitations, exercising due diligence in service, and amending complaints to correct party names. Eight days before the statute of limitations ran, Plaintiff filed a complaint for personal injuries. In his complaint, Plaintiff identified Defendant by the wrong first name. As a result, the process server refused to serve the complaint. Nonetheless, Plaintiff waited nearly eleven months to amend the complaint and did not serve Defendant with the corrected complaint until more than a year after the original complaint was filed. Defendant filed a motion to dismiss. The trial court granted the motion after finding that Plaintiff had failed to meet the notice requirements of Rule 1–015(C) NMRA 2001, which allows the amendment of a complaint to relate back to the date the original complaint was filed if certain conditions are met. Plaintiff appeals, alleging a variety of reasons why the trial court erred in dismissing the complaint. We answer the variety of issues individually, but also hold that the time for commencing an action under Rule 1–015(C) is the same as for service of process under

Rule 1–004(F) NMRA 2001. Because Plaintiff failed to exercise due diligence in serving Defendant, we affirm.

**BACKGROUND**

{2} On October 28, 1995, Defendant Paul Bachicha was involved in an automobile accident with John Herrera (the decedent). The decedent died unexpectedly a year later, following surgery related to the accident.

{3} On October 20, 1998, eight days before the statute of limitations expired, Plaintiff Joe Romero filed a complaint for personal injuries on behalf of the decedent's estate. The complaint incorrectly identified Frank Bachicha, rather than Paul Bachicha, as the defendant. This confusion apparently arose because both Frank Bachicha and Paul Bachicha are attorneys practicing in Santa Fe County. Plaintiff mailed the complaint to a process server in January 1999, with a letter acknowledging that the complaint erroneously named Frank Bachicha as the defendant, but asking that the complaint nonetheless be served on Paul Bachicha, with a return indicating that Paul, not Frank, had been served. The process server refused to serve the complaint due to the error.

{4} In July 1999, the district court sua sponte entered an order dismissing Plaintiff's complaint for lack of prosecution. Plaintiff responded to the order by filing a motion to reinstate the action, alleging that Plaintiff had been unable to obtain service of process on the defendant. After the court reinstated Plaintiff's action, Plaintiff filed an amended complaint, which properly named Paul Bachicha as the defendant. Paul Bachicha was served with the amended complaint on November 3, 1999, over a year after the original complaint was filed.

{5} Paul Bachicha (hereinafter Defendant) filed a motion to dismiss for failure to comply with the statute of limitations, insufficiency of process, insufficiency of service of process, lack of prosecution, and laches. In his first memorandum in support of the motion to dismiss, Defendant argued that service of process was untimely under Rule 1–004(F), which requires that service of a summons and complaint be made with reasonable diligence. Defendant's argument was based in part on his failure to realize that the original complaint named a different person as the defendant, his failure to ascertain that the amended complaint corrected his first name, and his belief that Plaintiff had filed the amended complaint merely to secure a new summons. After Plaintiff pointed out that the amended complaint did differ from the original complaint, Defendant filed a second memorandum in which he argued that the correction of his first name was a change of party under Rule 1–015(C) and that Plaintiff had failed to notify him of the institution of the lawsuit within the period for commencing the action. *See* Rule 1–015(C).

{6} At the hearing on Defendant's motion, Plaintiff argued that the correction of a misnomer is not a change of party within the meaning of Rule 1–015(C). If this were true, the amended complaint would relate back to the original because, with the exception of an amendment changing parties, Rule 1–015(C) allows an amended complaint to relate back "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." In addition, Plaintiff argued that the one-year delay in service of process was not a per se lack of due diligence under Rule 1–004(F) and was insufficient to justify a dismissal of the complaint with prejudice.

{7} The trial court concluded that the standards for measuring the timeliness of service or notice under Rules 1–004(F) and 1–015(C) were different. The court understood our opinion in *Prieto v. Home Education Livelihood Program,* 94 N.M. 738, 616 P.2d 1123 (Ct.App.1980), to require a finding of "intentional delay, willful delay, or laches" prior to concluding that a party has failed to exercise due diligence in serving a complaint under Rule 1–004(F). On the other hand, the court understood our opinion in *Fernandez v. Char–Li–Jon, Inc.,* 119 N.M. 25, 27, 888 P.2d 471, 473 (Ct.App.1994), to hold that the time for commencing an action under Rule 1–015(C) is the statute of limitations period. The court indicated its preference for treating the standards as the same. However, the court further noted that although Defendant had failed to prove that Plaintiff intentionally delayed service, the court felt compelled to grant Defendant's

motion because Plaintiff failed to establish that Defendant had notice of the institution of the lawsuit within the statute of limitations period.

{8} Plaintiff appealed. On appeal, Plaintiff argues that (1) the mere correction of a misnomer in a complaint is a not a "change of party" within the meaning of Rule 1–015(C), and therefore Plaintiff was not required to satisfy the requirements of Rule 1–015(C)(1) and (2); (2) even if correction of a misnomer is a "change of party," Plaintiff satisfied the requirements of notice within the period provided by law for commencing the action; and (3) if correction of a misnomer does not implicate the requirements of Rule 1–015(C)(1) and (2), the trial court found that the delay in service of process did not warrant dismissal and this finding is binding on appeal, or, in the alternative, was not an abuse of discretion.

## DISCUSSION

{9} Rule 1–015(C) reads:

C. **Relation back of amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment:

(1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits; and

(2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

{10} The parties agree that, with the exception of Defendant's first name, the amended complaint is identical to the original. As such, the first requirement of Rule 1–015(C), namely that the amended claim arise out of the same occurrence, was met in this case. The focus of the parties' dispute is the second part of Rule 1–015(C). Plaintiff argues that the correction of a typographical error or misnomer is not a change of party and therefore the second part of Rule 1–015(C) simply does not apply in this case. Plaintiff further argues that, even if Rule 1–015(C)(1) and (2) do apply, Plaintiff had notice of the action "within the period provided by law for commencing the action." Defendant counters that this period expires with the statute of limitations under the *Fernandez* opinion and that Plaintiff failed to prove notice within this period. Finally, Plaintiff contends that, even if the amended complaint was not timely served, Defendant had notice of the action prior to the running of the statute of limitations. We will address each argument in turn.

### Correction of the Misnomer

{11} Because Plaintiff knew Paul Bachicha's identity from the beginning of the action, and because he amended the complaint merely to change the defendant's first name from Frank to Paul, Plaintiff argues that the notice requirements of Rule 1–015(C)(1) and (2) do not apply. Plaintiff contends that the correction of a typographical error does not constitute a change in a party within the meaning of Rule 1–015(C). Under other circumstances, we might agree with Plaintiff. However, we conclude that, because Plaintiff failed to serve Defendant prior to amending the complaint, the amended complaint changed the party against whom the action was brought and Plaintiff bore the burden of demonstrating compliance with the notice requirements of Rule 1–015(C)(1) and (2).

{12} Rule 1–015(C) clearly encompasses the amendment of pleadings to correct misnomers. *See Ingram v. Kumar*, 585 F.2d 566, 570–71 (2nd Cir.1978); 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1498 (2d ed.1990). The advisory committee notes following the 1966 amendment of Federal Rule of Civil Procedure 15(c) explicitly include "an amendment to correct a misnomer or misdescription of a defendant" as an amendment triggering the requirements of subsections (C)(1) and (2). Fed.R.Civ.P. 15 advisory committee's note. In determining whether such an amendment satisfies the

rule, it is irrelevant whether a plaintiff is aware of a mistake in a party's name, or misidentifies a party, except that the plaintiff's knowledge may be a factor to consider in determining whether the plaintiff exercised due diligence in notifying or serving the proper defendant. The real inquiry when an amendment changes the name of a party is whether the newly identified or added party had adequate notice of the institution of the action and knew, or should have known, that but for the mistake, the action would have been brought against it. Rule 1–015(C); *see also Ingram*, 585 F.2d at 570–71. "[W]hen the correct party was served so that the party before the court is the one plaintiff intended to sue, but the name or description of the party in the complaint is deficient in some respect," the situation is known as a misnomer, and a court may properly assume that the party had notice and should have known that, but for the mistake, the action would have been brought against the party. Wright, *supra*, § 1498 at 130. On the other hand, when the proper party was not served and therefore is not before the court, a plaintiff must demonstrate compliance with the rule. *See, e.g., Ingram*, 585 F.2d at 570–71 (discussing difference between cases in which proper defendant already before the court and cases in which amendment brings proper party before the court).

{13} Without exception, every case cited by Plaintiff in his brief addresses the correction of a misnomer where the proper defendant was already before the court when the plaintiff sought to amend the complaint. *See SMS Fin., Ltd. Liab. Co. v. ABCO Homes, Inc.*, 167 F.3d 235, 244–45 (5th Cir.1999) (holding that amendment related back given that defendant properly served and amendment merely corrected error in plaintiff's name); *Wheel Masters, Inc. v. Jiffy Metal Prods. Co.*, 955 F.2d 1126, 1131 (7th Cir.1992) (holding that amendment relates back where proper defendant already a party before the court and amendment merely changed suffix from corporation to partnership); *Bayer v. United States Dep't of Treasury*, 956 F.2d 330, 334–35 (D.C.Cir.1992) (holding that amendment related back given that proper defendant was timely served and therefore requirements of Rule 15(c) were met); *Boliden Metech, Inc. v. United States*, 140 F.R.D.

254, 256–57 (D.R.I.1991) (same); *Beyda v. USAir, Inc.*, 697 F.Supp. 1394, 1399 (W.D.Pa. 1988) ("Because the amendment merely corrects a misnomer and does not in fact change parties, and because the original Complaint was timely served and no prejudice has been demonstrated, the amendment relates back...."); *Malmrose v. Estate of Aljoe*, 92 F.R.D. 490, 491 (W.D.Pa.1981) (holding that amendment relates back given that defendant was involved in litigation since its inception and requirements of Rule 15(C) were therefore met); *Wilcox v. Geneva Rock Corp.*, 911 P.2d 367, 369–70 (Utah 1996) (same).

{14} In this case, Plaintiff waited until after the complaint was amended to serve Defendant. At the time of the amendment, Defendant was not a party to the action and was not before the court. For this reason, we conclude that this case is more like the cases in which a plaintiff serves the wrong party and amends the complaint prior to serving the correct party. *See Ingram*, 585 F.2d at 571. Under these circumstances, we will not assume that Defendant had sufficient notice under Rule 1–015(C)(1) and (2), but will require Plaintiff to bear his burden of proving that adequate notice was given within the period for commencing the action.

*The Period Provided by Law for Commencing the Action*

▪ {15} Defendant argues that Rule 1–015(C) requires that a party be notified of the institution of an action prior to the expiration of the applicable statute of limitations. Plaintiff contends that the time for commencing an action includes the statute of limitations period plus the time within which service may be made with reasonable diligence. As discussed above, the trial court felt compelled to agree with Defendant by its understanding of the *Fernandez* opinion. We hold that the time for commencing the action under Rule 1–015(C) includes the time for service of process under Rule 1–004(F).

{16} Although the *Fernandez* opinion may appear to hold that a party must be given notice of an action prior to the running of the limitations period, we do not agree that the case stands for this proposition. We note

that the focus of the opinion was the concept of "identity of interest" under Rule 1–015(C) and not the period for commencing an action. *Fernandez,* 119 N.M. at 27, 888 P.2d at 473. More importantly, our Supreme Court has held that, under Rule 1–015(C), the period for commencing an action includes the reasonable time allowed under Rule 1–004(F) for service of process. *Galion v. Conmaco Int'l, Inc.,* 99 N.M. 403, 405, 658 P.2d 1130, 1132 (1983) ("the period in which notice must be received includes the reasonable time allowed under the rules of civil procedure for service of process"). To the extent that *Fernandez* or other similar cases appear to hold otherwise, these opinions are not to be followed.

■ {17} The basic rule in New Mexico is that all parties to an action must be actually or constructively served within a period of time that includes the statute of limitations period plus a reasonable time for service of process. *See* Rule 1–004(F) & 1–015(C); *Galion,* 99 N.M. at 405–06, 658 P.2d at 1132–33. This time period applies regardless of whether a party is named in an original or an amended complaint. *See id.* at 406, 658 P.2d at 1133; *see also* Fed.R.Civ.P. 15(c)(3) (allowing an amendment changing a party to relate back only when notice is given "within the period provided by Rule 4(m) for service of the summons and complaint"). As noted by our Supreme Court in *Galion:*

> "[E]ven an accurately named defendant may not receive actual notice of the action against him prior to the running of the statute of limitations. Yet there is no doubt that the action against him is timely commenced. There is no reason why a misnamed defendant is entitled to earlier notice than he would have received had the complaint named him correctly."

99 N.M. at 405–06, 658 P.2d at 1132–33 (quoting *Ingram,* 585 F.2d at 571).

{18} Having determined that notice under Rule 1–015(C) must be given within the time for service of process under Rule 1–004(F), we must now determine the date upon which Defendant first received notice that the lawsuit had been instituted.

*Notice of the Institution of the Action*

■ {19} Plaintiff alleges that Defendant received notice of the institution of the action when Plaintiff sent financial interrogatories to Defendant and his insurance company in May 1997, prior to the filing of the original complaint. We disagree.

■ {20} Under Rule 1–015(C), it is not enough that a defendant is aware that an action may be brought by the plaintiff. Rather, Rule 1–015(C)(1) requires that a plaintiff prove that the defendant "has received ... notice of the institution of the action." For example, in *Macias v. Jaramillo,* 2000–NMCA–086, ¶¶ 27–29, 129 N.M. 578, 11 P.3d 153, we held that the plaintiff had satisfied this requirement where (1) the plaintiff had filed a claim against the defendant insurance company immediately after an accident, (2) he had corresponded with the insurance company and other defendants for several months prior to filing the original complaint, (3) the insurance company knew that the complaint had been filed, and (4) the insurance company retained counsel to defend itself and the original defendants. Similarly, in *Rivera v. King,* 108 N.M. 5, 11, 765 P.2d 1187, 1193 (Ct.App.1988), *modified on other grounds by Williams v. Cent. Consol. Sch. Dist.,* 1998 NMCA 006, ¶ 14, 124 N.M. 488, 952 P.2d 978, we held that the defendants had received sufficient notice where the original defendants and the newly added defendants shared an identity of interests and were represented by attorneys who were involved in the litigation from its inception.

{21} In the case at bar, prior to service of the amended complaint, the only indications that Defendant had that Plaintiff might pursue legal action were financial interrogatories sent seventeen months before the original complaint was filed. Defendant did not respond to the interrogatories and did not hear from Plaintiff again until November 3, 1999, more than two years after the interrogatories were mailed. Although Defendant indicated that he might hire counsel in 1997, given that the conversation between Defendant and Plaintiff's counsel occurred long before the complaint was filed and we do not know the context in which Defendant suggested that he might retain counsel, we conclude that the interrogatories did not give notice that an action would be instituted. Finally, we note that, during the hearing before the trial

court, Plaintiff conceded that he had "no way of proving that [Defendant] knew there was a lawsuit filed prior to the statute of limitations." Therefore, we conclude that Defendant was first notified that an action had been instituted on November 3, 1999, when he was served with the amended complaint. Under these circumstances, the critical question is whether Plaintiff exercised due diligence in serving Defendant such that Defendant received notice of the action within the period provided by law for commencing the action. *See* Rule 1–015(C).

### Applying Graubard to this Case

{22} Because the time for commencing action under Rule 1–015(C) is measured by the same reasonable diligence standard as required by Rule 1–004(F), Plaintiff contends that we should defer to the trial court's finding that he timely served the amended complaint on Defendant. We disagree that the trial court made such a finding.

{23} The trial court read the *Prieto* case as requiring a finding that a plaintiff had intentionally or willfully delayed service prior to concluding that a party has failed to exercise due diligence in serving a complaint under Rule 1–004(F). The holding of *Prieto* was recently clarified in *Graubard v. Balcor Co.*, 2000–NMCA–032, 128 N.M. 790, 999 P.2d 434. In *Graubard,* the plaintiff waited fourteen months to serve the complaint. *Id.* ¶ 2. The district court stated its opinion that this period was too long, but felt compelled to deny the defendant's motion to dismiss because there was no evidence that the plaintiff had intentionally delayed service. *Id.* ¶ 3. We reversed the order denying the motion to dismiss, holding that the *Prieto* opinion did not require a finding of intentional delay before an action could be dismissed for delayed service of process. *Id.* ¶ 6, 616 P.2d 1123. We held that "the test enunciated in *Prieto* provides for a district court to exercise its discretion in determining whether a delay in service of process demonstrates a lack of due diligence on the part of a plaintiff based on a standard of objective reasonableness." *Id.* ¶ 12, 616 P.2d 1123. If the trial court determines that a plaintiff failed to exercise due diligence in serving process on a defendant, the court must exercise its discretion to determine whether the delay warrants

dismissal of the complaint. *See id.* ¶ 13, 616 P.2d 1123.

{24} The trial court's conclusion that it could not dismiss Plaintiff's complaint for failure to exercise due diligence under Rule 1–004(F) was based solely on its conclusion that the *Prieto* opinion required a finding of intentional or willful delay. The court's finding that "[t]he fact of mere delay in service of process, without more, does not justify dismissal with prejudice of Plaintiff's claims" appears to us to be nothing more than a restatement of this understanding. Our conclusion is supported by the trial court's comments made at the time the court issued its ruling:

> Thirteen months, knowing that you had the wrong plaintiff named within a couple of months, knowing his address-it was on the police report, and it's the same address that's on the summons, the same address as on the January letter to the process server-I still don't understand why he wasn't served before.
>
> . . . .
>
> We have, of course, one of the longer statute of limitations in New Mexico and the available means to serve the defendant and the ease with which the defendant could be located and the plaintiff's activities. Because we haven't had appellate cases that I've been made aware of that would change the *Prieto* standard, [and] given the fact that after the accident the plaintiff died, that plaintiff's decedent died and the problems plaintiff had, I can't say this is willful delay. . . .

These comments indicate that while the trial court found that Plaintiff had not intentionally or willfully delayed service of process, the trial court also found that there was no justification for the delay.

{25} When asked by the trial court to explain the delay in service of process, Plaintiff placed blame on the process server and explained that Plaintiff's counsel had been busy exploring a medical malpractice claim related to the accident. Neither of these explanations justify the delay of over a year, especially given that Plaintiff was aware of Defendant's name and address from the time of the accident. We hold that Plaintiff failed to exercise due diligence in serving the amended complaint and failed to notify De-

fendant within the period for commencing the action that the lawsuit had been instituted.

## CONCLUSION

{26} For the foregoing reasons, we affirm the district court's order granting Defendant's motion to dismiss.

{27} **IT IS SO ORDERED.**

WE CONCUR: M. CHRISTINA ARMIJO, Judge and CYNTHIA A. FRY, Judge.