This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**THOMAS LEON MUSICK,**

Plaintiff-Appellant,

v.                                                            **NO. 34,134**

**SIERRA NEVADA PROPERTY**
**MANAGEMENT COMPANY, LLC,**
**ADVANCED TOWER SERVICES, INC.,**
**and TELEBEEPER OF NEW MEXICO, INC.,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Donna J. Mowrer, District Judge**

Garrett Law Firm, P.A.
Michael T. Garrett
Clovis, NM

for Appellant

Sutin, Thayer & Browne
Benjamin E. Thomas
Keith C. Mier
Albuquerque, NM

for Appellees Sierra Nevada Property Management Company, LLC and TeleBEEPER of New Mexico, Inc.

Keleher & McLeod, P.A.
Benjamin F. Feuchter
Albuquerque, NM

for Appellee Advanced Tower Services

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

{1}	Plaintiff Thomas Leon Musick appeals from the district court's order granting the motions to dismiss of Defendants Sierra Nevada Property Management Company, LLC (SNPM) and Advanced Tower Services, Inc. (ATS) for failure to prosecute and of Defendant TeleBEEPER of New Mexico, Inc. (TeleBEEPER) for failure to state a claim. We affirm as to SNPM and ATS and reverse and remand as to TeleBEEPER.

**BACKGROUND**

{2}	Plaintiff filed his complaint for breach of contract and damages against SNPM and ATS on April 25, 2012. Plaintiff alleged that he entered a lease and amended leases with third parties for the construction of a telecommunications tower on his property and that the leases with amendments were assigned to SNPM, which terminated the lease without removing its towers and improvements within the time designated in the lease. Plaintiff further alleged that the towers and improvements

2

were thereby abandoned and became his property and that he suffered damages when SNPM engaged ATS to trespass and remove the property six years later.

{3}     A summons was issued to ATS on April 25, 2012, and it filed its answer on May 31, 2012. The district court, on its own motion, on March 25, 2013, dismissed the case without prejudice for inaction for the previous one hundred eighty days. On April 8, 2013, Plaintiff filed a motion to reinstate, and the district court entered an order of reinstatement on April 9, 2013. An alias summons was issued to SNPM on April 12, 2013. On May 20, 2013, a Marvin Tanner of Reno, Nevada filed a response to the complaint on behalf of an SNPM, indicating that the company was not the one that had engaged in business in New Mexico as alleged in the complaint.

{4}     Plaintiff served interrogatories and a request for production of documents on ATS on May 22, 2013, and ATS served its answers and responses on July 1, 2013. ATS then served interrogatories and requests for production on Plaintiff on July 15, 2013, and Plaintiff responded on August 1, 2013. A second alias summons was issued to SNPM on October 10, 2013.

{5}     On March 31, 2014, with the concurrence of counsel for ATS, Plaintiff moved for leave to file an amended complaint, which motion was granted and the amended complaint was filed on April 8, 2014. The amended complaint added TeleBEEPER as a defendant. The next day, a third alias summons was issued to SNPM in care of

TeleBEEPER. ATS answered the amended complaint on April 14, 2014. On May 27, 2014, both SNPM and TeleBEEPER filed motions to dismiss. SNPM alleged that Plaintiff had failed to exercise due diligence in serving SNPM with process. TeleBEEPER asserted that Plaintiff named TeleBEEPER to avoid dismissal based on his inaction regarding SNPM and that the amended complaint failed to state a claim against it. ATS joined in the motions to dismiss, claiming that dismissal was also warranted of the claims against ATS.

{6}    Plaintiff requested a trial setting on June 4, 2014, and, on June 12, 2014, the district court set trial for December 16, 2014. On June 18, 2014, a fourth alias summons was issued to SNPM, and SNPM was served with process on June 20, 2014. After hearing the motions to dismiss on July 29, 2014, the district court, on August 28, 2014, entered its decision and order granting the motions.

{7}    The district court dismissed SNPM because Plaintiff did not act with due diligence in serving SNPM with process. A district court may dismiss a complaint if, based on an objective reasonableness standard, the plaintiff fails to exercise due diligence in serving the complaint upon a defendant. *Romero v. Bachicha*, 2001-NMCA-048, ¶¶ 23-26, 130 N.M. 610, 28 P.3d 1151. The delay need not be intentional. *Id.* ¶ 23; *Graubard v. Balcor Co.*, 2000-NMCA-032, ¶ 12, 128 N.M. 790, 999 P.2d 434.

**{8}** We review a district court's dismissal under an abuse of discretion standard. *Graubard*, 2000-NMCA-032, ¶ 12. An abuse of discretion occurs if, considering the circumstances before the district court, the court "exceeds the bounds of reason[.]" *Summit Elec. Supply Co., Inc. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 6, 148 N.M. 590, 241 P.3d 188 (internal quotation marks and citation omitted).

**{9}** Plaintiff did not serve SNPM until after SNPM filed its motion to dismiss, more than two years after the complaint was filed. Plaintiff, in that time, had four alias summonses issued to SNPM. There is some dispute as to whether an original summons was issued; the record proper does not indicate that it was, and the district court found that the first summons to SNPM was issued almost a year after the complaint was filed. As Plaintiff points out, however, the district court clerk had the responsibility to issue a summons at the time of filing. Rule 1-004(A)(2) NMRA. Assuming that summons was issued, Plaintiff nevertheless did not serve it.

**{10}** Plaintiff asserts that SNPM was not registered to transact business in New Mexico and that he performed research and retained investigators to search for SNPM's corporate offices, all to no avail. The district court concluded, however, that Plaintiff did not exercise due diligence in seeking to serve SNPM. The district court found that Plaintiff failed to reasonably pursue three available avenues: the attorneys

he knew represented SNPM, the Secretary of State, and the first corporation listed on his investigator's list.

{11} We cannot say that the district court abused its discretion by finding that Plaintiff failed to exercise due diligence by pursuing these leads. First, as the district court noted, Plaintiff knew the identity of SNPM's attorneys on March 30, 2004 as the result of the contract termination. The district court assumed that Plaintiff could have served those attorneys. Although the district court may not have been correct in its assumption, Plaintiff did not inquire of the attorneys if they would accept service on behalf of SNPM.

{12} Second, as to the Secretary of State, NMSA 1978, Section 38-1-6.1(B)(1993) provides in part:

> If no person has been designated by a foreign limited liability company doing business in this state as its statutory agent upon whom service of process can be made, or if upon diligent search neither the agent so designated nor any of the managers of the company can be found in this state, then, upon the filing of an affidavit by the plaintiff to that effect, together with service upon the secretary of state of two copies of the process in the cause, the secretary of state shall accept service of process as the agent of the foreign limited liability company[.]

Plaintiff did not seek to pursue this statutory option.

{13} Third, in April 2013, Plaintiff's investigator developed a list of three companies with the name of SNPM. The correct SNPM was the first on the list, but Plaintiff did not attempt to serve all three of the companies on the list.

{14} In his briefing on appeal, Plaintiff has not sought to explain his failure to pursue any of these options. Instead, Plaintiff points to the actions that he did take, in particular his request for a trial setting, arguing that he acted with due diligence.

{15} Most of Plaintiff's arguments, however, do not directly address the service of process issue. With respect to service of process, Plaintiff contends that his attorney contacted TeleBEEPER on April 5, 2014 and then learned that the representative of TeleBEEPER, who Plaintiff knew dealt with ATS, was also the "managing member" of SNPM. However, Plaintiff does not address the reasons that his learning of this information on April 5, 2014 justified his failure to serve SNPM at an earlier time, as stated by the district court in its decision and order.

{16} On April 9, 2014, Plaintiff served TeleBEEPER as agent for SNPM, leading to the motions to dismiss by both SNPM and TeleBEEPER. Upon receipt of those motions, Plaintiff filed a request for a trial setting, and the district court set the case for trial eight days after receiving the request. Plaintiff argues that his request for a trial setting indicated his "good faith action to prosecute this case to avoid dismissal."

{17} As we have intimated, this argument does not directly address the district court's dismissal for failure to exercise due diligence in serving SNPM with process. Rather, it raises arguments connected to a dismissal based on Rule 1-041(E)(1) NMRA. That rule permits a district court to dismiss a claim with prejudice "if the

7

party asserting the claim has failed to take any significant action to bring such claim to trial or other final disposition within two (2) years from the filing" of the claim.

**{18}** The district court did consider arguments concerning Plaintiff's due diligence under Rule 1-041(E)(1). In its decision and order, it stated that it considered the factors discussed in *Jones v. Montgomery Ward & Co.* that our Supreme Court stated needed to be addressed in connection with a Rule 1-041(E)(1) motion: "1) all written and oral communications between the court and counsel; 2) actual hearings by the court on motions; 3) negotiations and other actions between counsel looking toward the early conclusion of the case; 4) all discovery proceedings; and 5) any other matters which arise and the actions taken by counsel in concluding litigation." 1985-NMSC-062, ¶ 10, 103 N.M. 45, 702 P.2d 990.

**{19}** With regard to these factors, Plaintiff contends that, in addition to his request for a trial setting (and the court's notice of setting), he had filed a motion to amend the complaint to add TeleBEEPER as a defendant with the concurrence of counsel for ATS. We do not believe that these actions indicate that the district court abused its discretion under *Jones*. Each case must be determined based on its own facts. *Martin v. Leonard Motor-El Paso*, 1965-NMSC-060, ¶ 7, 75 N.M. 219, 402 P.2d 954. The communications in this case were minimal, and none of the Plaintiff's actions other than the request for setting involved SNPM.

{20}     As to the request for setting, Plaintiff filed the request after receiving the motions to dismiss. While a request for a trial setting is an indication of an intent to proceed with the case, it is not determinative of a Rule 1-041(E)(1) motion. *See Cottonwood Enter. v. McAlpin*, 1989-NMSC-064, ¶¶ 10-11, 109 N.M. 78, 781 P.2d 1156 (stating that "the filing for a trial date does not per se mandate that the [Rule] 1-041 motion must be denied" and holding that the policy of expediting the prosecution of litigation was served by the trial setting because the defendants "sat on their rights" by waiting to file a second motion to dismiss until after trial had been set); *Summit*, 2010-NMCA-086, ¶ 13 (noting that "a plaintiff's filing of a request for a trial setting before a defendant's filing of a motion to dismiss has been consistently viewed as a good faith action to prosecute a case").

{21}     In *Martin*, the plaintiff had not brought the case to its final determination within the two-year period required by Rule 1-041(E). *Martin*, 1965-NMSC-060, ¶ 8. Our Supreme Court, however, placed the burden on the defendant to file a motion to dismiss in order to effectuate the rule, noting that the defendant had not filed a motion to dismiss before the plaintiff had requested a trial setting and pursued discovery. *Id.* ¶¶ 8-9. According to the Court, "[t]he defendant slumbered while the plaintiff satisfied the requirements of [the rule] and, therefore, his subsequent motion for dismissal came too late." *Id.* ¶ 10. Although we take guidance from *Martin*, the circumstances in this

9

case are different in that Plaintiff only requested a trial setting after he received motions to dismiss.

{22}     Additionally, we have also stated that "a court may, in its discretion, consider as timely, activities occurring between the filing of the motion [to dismiss] and the hearing on it[,]" including a request for a trial setting. *Sewell v. Wilson*, 1982-NMCA-017, ¶ 36, 97 N.M. 523, 641 P.2d 1070. *Sewell*, however, does not indicate that the district court abused its discretion in this case. In *Sewell*, we reversed a Rule 1-041(E)(1) dismissal because of a combination of several factors, including extensive activity in the case (over one thousand pages of record) both before and after the motion to dismiss was filed. *Sewell*, 1982-NMCA-017, ¶¶ 37-38. There was no comparable activity in this case. Based on *Martin* and *Sewell*, we do not place significant weight on Plaintiff's belated request for a trial setting.

{23}     The cases concerning dismissal for failure to serve process with due diligence indicate that a time period of more than two years is more than sufficient to demonstrate a lack of due diligence. In *Romero*, this Court held that a thirteen-month delay in serving the defendant justified dismissal when the plaintiff had originally misnamed the defendant but was aware of the defendant's name and address. 2001-NMCA-048, ¶¶ 24-25. Although Plaintiff in this case did not know SNPM's address, as the district court found, Plaintiff's investigator had that information and,

10

additionally, Plaintiff had the statutory ability to serve the Secretary of State if he did not have SNPM's address. In *Graubard*, we held that an intentional delay was not necessary to dismiss for failure to serve process with due diligence in circumstances of a fourteen-month delay. 2000-NMCA-032, ¶¶ 3, 11.

{24}     We do not believe that *Glassalum Engineering Corp. v. 392208 Ontario Ltd.*, 487 So. 2d 87 (Fla. Dist Ct. App. 1986), cited by Plaintiff, has any bearing on our analysis. That case was based on a Florida rule that, unlike New Mexico, restricts a trial court's discretion to dismiss for failure to prosecute. *Id.* Moreover, when we view the policy underlying Rule 1-041(E)(1) of expediting the prosecution of litigation, we cannot conclude that the district court abused its discretion. *See Summit*, 2010-NMCA-086, ¶ 6 ("Discretion is abused when the court exceeds the bounds of reason, all the circumstances before it being considered." (internal quotation marks and citation omitted)).

{25}     Even if Plaintiff is correct that his service on TeleBEEPER was sufficient to serve SNPM, the case was pending nearly two years at that time. Plaintiff had received the discovery responses from ATS informing Plaintiff of TeleBEEPER's activity on July 15, 2013 and did not move to amend the complaint until March 31, 2014. *See Fidelity Nat'l Bank v. Collier*, 1984-NMSC-039, ¶ 4, 101 N.M. 273, 681 P.2d 58 (holding that amending a complaint to add new parties without including a different

claim does not affect Rule 1-041(E) analysis). Plaintiff requested a trial setting immediately after receiving motions to dismiss. The district court did not abuse its discretion by dismissing the claims against SNPM for failure to serve process with due diligence.

**ATS**

{26}    ATS joined in the motions to dismiss of SNPM and TeleBEEPER on June 11, 2014, alleging that "the matters discussed" in the other motions also warranted dismissal of the claims against ATS. The district court dismissed the claims against ATS with prejudice, stating that "Plaintiff has not established that he has done anything outside of the discovery requests filed one year ago in order to advance his case against ATS." We review the district court's ruling under Rule 1-041(E)(1) for abuse of discretion. *Summit*, 2010-NMCA-086, ¶ 6.

{27}    As noted by the district court in its decision and order, the complaint was "filed in April 2012 and dismissed for lack of prosecution in March 2013." Plaintiff served discovery requests on ATS on May 22, 2013, after reinstatement of the case on April 9, 2013. ATS responded to discovery on July 1, 2013. As further noted by the district court, for more than one year thereafter, the only action Plaintiff took was to amend the complaint, an action that "did not necessarily involve ATS." *See Fidelity*, 1984-NMSC-039, ¶ 4 (holding that a voluntary amendment of the complaint to add an

12

additional defendant does not restart the period for prosecution of the claim under Rule 1-041 as to the original defendant).

{28} The district court also noted in its decision and order that the only action Plaintiff took for more than one year thereafter was to amend the complaint. However, although the amended complaint did not involve the allegations against ATS, ATS concurred in Plaintiff's motion for leave to file the amended complaint. The two-year period of Rule 1-041(E)(1) had not run at that time. The district court granted Plaintiff leave to file the amended complaint. ATS answered the amended complaint.

{29} In reaching its ruling, the district court considered Plaintiff's argument that "it was 'not practical to proceed to trial against one defendant at a time.' " We understand that, as a single lawsuit, the claims against all defendants are related. Yet, by delaying service of process of SNPM, Plaintiff affected not only SNPM, but ATS as well. And, as we have discussed, this delay was not justified. The case therefore continued against ATS beyond the two-year limit expressed in Rule 1-041(E)(1).

{30} In finding that Plaintiff did not act with due diligence with regard to ATS, the district court also considered Plaintiff's request for a trial setting. We note that Plaintiff took this action after SNPM and TeleBEEPER filed motions to dismiss but before ATS joined in the motions. Nonetheless, we do not believe that the district court abused its discretion by dismissing ATS. As we have discussed, this was a single

13

lawsuit. Plaintiff did not request a trial setting until he had received the motions to dismiss. We do not consider the fact that ATS did not join the motions until after Plaintiff's action to be dispositive. *See State v. Moreland*, 2008-NMSC-031, ¶ 9, 144 N.M. 192, 185 P.3d 363 ("When there exist reasons both supporting and detracting from a trial court decision, there is no abuse of discretion." (internal quotation marks and citation omitted)). The district court did not abuse its discretion.

**TELEBEEPER**

{31}    Although TeleBEEPER moved to dismiss on both Rule 1-041(E)(1) and Rule 1-012(B)(6) NMRA grounds, the district court dismissed Plaintiff's complaint as to TeleBEEPER only on the basis of Rule 1-012(B)(6) for failure to state a claim against TeleBEEPER. A motion to dismiss under Rule 1-012(B)(6) tests the legal sufficiency of the complaint. *Wallis v. Smith*, 2001-NMCA-017, ¶ 6, 130 N.M. 214, 22 P.3d 682. On appeal, "this [c]ourt accepts all facts alleged in the complaint as true and resolves all doubts about the sufficiency of the complaint in favor of the plaintiff's right to proceed." *Martinez v. Cornejo*, 2009-NMCA-011, ¶ 6, 146 N.M. 223, 208 P.3d 443.

{32}    The gravamen of Plaintiff's amended complaint is trespass, a tort. Plaintiff alleged that SNPM, ATS, and TeleBEEPER "wilfully and wantonly trespassed on Plaintiff's property and wrongfully removed" Plaintiff's equipment. Plaintiff alleged that SNPM engaged TeleBEEPER to remove the equipment and that TeleBEEPER,

14

in turn, engaged ATS to perform the job. The district court concluded that Plaintiff's efforts to assert that TeleBEEPER was a "middleman" between SNPM and ATS do not state a claim, that Plaintiff did not demonstrate any contractual liability on behalf of TeleBEEPER, or that TeleBEEPER contracted with ATS to remove the towers.

{33} We address first the latter two conclusions based on the nature of a Rule 1-012(B)(6) motion. As we have stated, such a motion does not test the factual allegations of the complaint; it accepts them as true. *Wallis*, 2001-NMCA-017, ¶ 6. Thus, to the extent that the amended complaint alleges that TeleBEEPER was engaged by SNPM to remove the equipment or that TeleBEEPER engaged ATS to remove the equipment, we must accept those allegations as true for the purposes of the motion. It is therefore not relevant to a Rule 1-012(B)(6) analysis whether Plaintiff was able to demonstrate that TeleBEEPER contracted with any of the other parties. The case was not before the district court as a motion for summary judgment. *See* Rule 1-012(B) (permitting the court to treat a motion under Rule 1-012(B)(6) as a motion for summary judgment under Rule 1-056 NMRA if "matters outside the pleading are presented to and not excluded by the court").

{34} We view the essence of the issue concerning TeleBEEPER's motion to dismiss to be related to the "middleman" issue and being whether the allegations concerning TeleBEEPER's involvement are sufficient to constitute trespass on the part of

15

TeleBEEPER. The concept of a "middleman" has arisen in New Mexico case law with respect to real estate transactions and whether a "middleman" is a fiduciary or a real estate broker. *See Watts v. Andrews*, 1982-NMSC-080, 98 N.M. 404, 649 P.2d 472 (addressing the issue of the requirement of licensure for involvement in a real estate sale); *Ross v. Carr*, 1909-NMSC-004, 15 N.M. 17, 103 P. 307 (addressing whether the plaintiff acted as a broker in a real estate transaction); *Barber's Super Markets, Inc. v. Stryker*, 1972-NMCA-089, 84 N.M. 181, 500 P.2d 1304 (addressing whether the defendant had a fiduciary duty to the plaintiff in a real estate transaction). Our courts have used the definition of a "middleman" "as a person who is employed for the mere purpose of bringing the possible buyer and seller together so that they may negotiate their own contract." *Watts*, 1982-NMSC-080, ¶ 7 (internal quotation marks and citation omitted). As stated in the definition, "[t]he agent has only limited authority" with "no power to and does not negotiate the terms on which the principals will deal." *Id.* (internal quotation marks and citation omitted).

{35}     We do not consider this concept as addressed in these cases to apply to TeleBEEPER's motion to dismiss. Plaintiff's amended complaint does not raise issues concerning a sales transaction or negotiations between a buyer and a seller nor did he allege that TeleBEEPER acted as a "middleman." Although he alleged that TeleBEEPER was first engaged by SNPM and then engaged ATS, such allegations

16

were factual assertions underlying Plaintiff's claim that TeleBEEPER, SNPM, and ATS trespassed on his property. A person may commit the tort of trespass without being the one who physically enters the property. *See De Palma v. Weinman*, 1909-NMSC-009, ¶ 17, 15 N.M. 68, 103 P. 782 ("The doctrine in relation to trespass is well settled that there are no accessories. All are principals who are in any wise concerned in the trespass. The person who commands or approves is equally guilty with the one who performs the act." (internal quotation marks and citation omitted)).

**{36}** We note that the district court in its decision and order discusses facts concerning e-mail communications and an unsigned proposal, as well as answers to interrogatories by ATS. Because the court did not treat the motion as a motion for summary judgement and decided it as a motion to dismiss under Rule 1-012(B)(6) without allowing all parties the opportunity to submit material as provided by Rule 1-056, such facts are outside of the purview of our review. *See* Rule 1-012(B) (stating that the court shall treat a Rule 1-012(B)(6) motion as a motion for summary judgment if matters outside the pleadings are presented and provide all parties reasonable opportunity to provide material pertinent to motion for summary judgment).

**{37}** Because it did not limit its analysis to the facts alleged in the amended complaint, accepting them as true, and because it applied the concept of a "middleman" to the facts alleged, the district court misapplied Rule 1-012(B)(6) to

17

TeleBEEPER's motion to dismiss. It therefore abused its discretion in granting TeleBEEPER dismissal of the claims against it in the amended complaint.

**CONCLUSION**

**{38}** We affirm the district court's decision and order dismissing with prejudice the claims against SNPM and ATS. We reverse the district court's dismissal of TeleBEEPER and remand for further proceedings.

**{39}** **IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**I CONCUR:**

_____
**MICHAEL E. VIGIL, Chief Judge**

**TIMOTHY L. GARCIA, Judge (dissenting).**

**GARCIA, J., dissenting.**

**{40}** Respectfully, I partially dissent in this case. I agree with the majority that the district court did not abuse its discretion when it dismissed the claims against SNPM

for failure to serve process with due diligence. Majority Opinion ¶¶ 2-25. However, I disagree with the majority's determination that the district court did not abuse its discretion when it granted the motion to dismiss ATS under Rule 1-041(E)(1). Majority Opinion ¶¶ 26-30. Pursuant to the factual and procedural circumstances presented by the record in this case, the district court effectively ruled that the underlying lawsuit could now proceed with due diligence when it granted Plaintiff's motion to amend the complaint in order to add TeleBEEPER as an additional defendant on April 8, 2014. ATS's subsequent June 11, 2014, joinder in the motion to dismiss under Rule 1-041, just two months after TeleBEEPER was added as a new party to the lawsuit, was premature and prevented Plaintiff from having a reasonable opportunity to proceed to trial with due diligence once all the parties were properly joined. As a result, I would recognize that the district court abused its discretion when it granted ATS's motion to dismiss under Rule 1-041(E)(1).

{41} The majority identified the appropriate factors to consider regarding Plaintiff's exercise of due diligence under Rule 1-041(E)(1). Majority Opinion, ¶ 18; *see Jones*, 1985-NMSC-062 ¶ 10. Under the five *Jones* factors, Plaintiff presented the district court with a strong basis to proceed to trial against ATS and TeleBEEPER. First, Plaintiff became aware of the interrelated ownership and business connections between SNPM and TeleBEEPER on April 5, 2014. Majority Opinion, ¶ 15. This

20

interrelationship established a strong procedural basis to conserve judicial resources and avoid piecemeal litigation against ATS without also attempting to proceed against both SNPM and TeleBEEPER in the same unified proceeding. *See Ponce v. Butts*, 1986-NMCA-042, ¶ 37 , 104 N.M. 280, 720 P.2d 315 (recognizing "our policy to avoid piecemeal litigation and conserve judicial resources").

**{42}** Second, the district court and the majority have already recognized that Plaintiff did participate with initial discovery and preliminary pretrial matters against ATS before the additional defendant was properly added and the case was procedurally ready to move forward in a unified manner. Majority Opinion, ¶ 4; *see Jimenez v. Walgreens Payless*, 1987-NMSC-082, ¶ 9, 106 N.M. 256, 741 P.2d 1377 (recognizing that participation in discovery "constitutes sufficient action to avoid dismissal under [Rule 1-041(E)]").

**{43}** Third, ATS specifically concurred in Plaintiff's March 31, 2014, motion to amend the complaint and add TeleBEEPER as an additional new party to the proceedings. Majority Opinion, ¶ 5. Such a concurrence would appear directly contrary and inconsistent with ATS's position that the lawsuit had failed to proceed with due diligence in April 2014 and should have been dismissed. The inconsistency of these positions should have been carefully scrutinized and addressed by the district court once ATS immediately sought dismissal of Plaintiff's claims under Rule 1-

041(E). *See Citizens Bank v. C & H Constr. & Paving Co.*, 1976-NMCA-063, ¶ 36, 89 N.M. 360, 552 P.2d 796 (recognizing that a party is "not permitted to maintain inconsistent positions in judicial proceedings" and the doctrine of judicial estoppel can be applied to stop a party from " 'playing fast and loose' " with the court (citation omitted)).

{44} Finally, once TeleBEEPER was added to the case on April 8, 2014, Plaintiff immediately requested a trial setting *before* June 11, 2014, the date ATS later decided to join TeleBEEPER's motion to dismiss. Majority Opinion, ¶¶ 5-6; *see Martin*, 1965-NMSC-060, ¶¶ 8-10 (recognizing that a defendant's motion to dismiss came too late when the plaintiff had already pursued discovery and requested a trial setting); *Summit*, 2010-NMCA-086, ¶ 13 (acknowledging that a plaintiff's request for a trial setting before a defendant has filed a motion to dismiss "has been consistently viewed as a good faith action to prosecute a case").

{45} Under the circumstances, Plaintiff has now satisfied the *Jones* criteria that must be reviewed before his lawsuit is dismissed. 1985-NMSC-062 ¶ 10. We must also be mindful of the strong preference for resolution of disputes on the merits in our state as opposed to dismissals for procedural technicalities. *Lowery v. Atterbury*, 1992-NMSC-001, ¶ 20, 113 N.M. 71, 823 P.2d 313 (reversing the district court's dismissal under previous Rule 41(B) as an abuse of discretion when the district court "tilted the

22

balance unduly toward the orderly and expeditious disposition of cases to the detriment of the stated preference to decide cases on the merits") (internal quotation marks and citation omitted)); *see Newsome v. Farer*, 1985-NMSC-096, ¶¶ 27, 29, 103 N.M. 415, 708 P.2d 327 (recognizing that a dismissal under previous Rule 41(B) is a drastic sanction that should be used sparingly and is specifically reserved for extreme circumstances).

{46}     The factual and procedural circumstances presented by ATS do not constitute the level of extreme circumstances necessary to warrant a dismissal under Rule 1-041(E)(1). Our strong preference for deciding cases on the merits would clearly prevail under these circumstances. ATS participated in discovery with Plaintiff, it concurred in the joinder of TeleBEEPER as an additional defendant, and it belatedly joined the Rule 1-041(E) motion to dismiss only after Plaintiff had requested a trial setting. These circumstances in this case were not extreme and do not justify the drastic sanction of dismissal. *See Sewell*, 1982-NMCA-017, ¶ 38 (specifying that "[d]iscretion must be used in conformity with the spirit of the law which is but served by giving litigants a chance to be heard when possible"); *see also Martin*, 1965-NMSC-060, ¶¶ 8-10 (waiting until after a plaintiff has requested a trial setting to seek dismissal under previous Rule 41 is not supported and would constitute an abuse of

discretion). As a result, I would hold that the district court abused its discretion and reverse the dismissal of Plaintiff's claims against ATS under Rule 1-041(E)(1).

_____
**TIMOTHY L. GARCIA, Judge**