This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**THOMAS M. PADILLA,**

Plaintiff-Appellant,

**v.**                                                     **No. A-1-CA-36117**

**STACY L. REED,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Judge**

Ray A. Padilla, PC
Ray A. Padilla
Albuquerque, NM

for Appellant

Winger & Associates
Nathan Edward Winger
Albuquerque, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1}     Plaintiff appeals from a district court's order granting Defendant's motion to dismiss the complaint. We issued a calendar notice proposing to affirm. Plaintiff has

responded with a memorandum in opposition. Not persuaded, we affirm the district court.

**{2}** Defendant raises five issues that may be consolidated as a challenge to the district court's order granting Defendant's motion to dismiss the complaint for insufficient service of process within the time ordered by the district court. A district court may dismiss a complaint if, based on an objective reasonableness standard, the plaintiff fails to exercise due diligence in serving the complaint upon a defendant. *Romero v. Bachicha*, 2001-NMCA-048, ¶¶ 23-26, 130 N.M. 610, 28 P.3d 1151. The delay need not be intentional. *Id*. ¶ 23; *Graubard v. Balcor Co.*, 2000-NMCA-032, ¶ 12, 128 N.M. 790, 999 P.2d 434. We review a district court's dismissal under an abuse of discretion standard. *Graubard*, 2000-NMCA-032, ¶ 12. An abuse of discretion occurs if, considering the circumstances before the district court, the court "exceeds the bounds of reason[.]" *Summit Elec. Supply Co., Inc. v. Rhodes & Salmon, P.C.*, 2010-NMCA-086, ¶ 6, 148 N.M. 590, 241 P.3d 188 (internal quotation marks and citation omitted).

**{3}** Here, Plaintiff filed a lawsuit just prior to the running of the statute of limitations, alleging that Defendant was at fault for injuries sustained in a car accident. The complaint was filed in October 2014, but was not served on Defendant. [RP 1] In June 2015 the district court dismissed the complaint for lack of prosecution. [RP 5]

Plaintiff filed a "[n]otice" to the Court, along with a motion to reinstate, asserting that the parties were involved in settlement negotiations. [RP 6] The district court denied the motion after pointing out that the "notice" did not comply with Rule 1-041(E) NMRA [RP 13] (motions to reinstate). On April 26, 2016, the district court reinstated the complaint on Plaintiff's motion to reconsider, but stated that the case would be dismissed if Plaintiff did not serve the complaint on Defendant within 30 days. [RP 22] Plaintiff did not serve Defendant until June 17, 2016, twenty months after the filing of the complaint and fifty-two days following the district court's reinstatement of the complaint. [RP 1, 24] Defendant then filed a motion to dismiss for insufficient service, and the motion was granted by the district court. [RP 29, 51]

{4} Plaintiff continues to argue that dismissal was inappropriate because he was in settlement negotiations, and he had informed the district court of this. [MIO 2] However, our case law supports the court's decision. In *Romero*, this Court held that a thirteen-month delay in serving the defendant justified dismissal when the plaintiff had originally misnamed the defendant but was aware of the defendant's name and address. 2001-NMCA-048, ¶¶ 24-25. Here, it appears that Defendant was served at the same residence that was listed in the original police report that was made at the time of the accident. [RP 31] In *Graubard*, we held that an intentional delay was not necessary to dismiss for failure to serve process with due diligence in circumstances

3

of a fourteen-month delay. 2000-NMCA-032, ¶¶ 3, 11. The delay in this case was more egregious than either of these two cases, and it appears from the record that effectuation of service was achievable as is required and was directed by the district court upon reinstatement of Plaintiff's complaint. Indeed, here, the district court gave Plaintiff a second chance and additional time to serve the complaint on Defendant. Yet, Plaintiff failed to satisfy his obligation of service or meet the district court's deadline. Given the broad deference that we give to the district court under the above-noted abuse of discretion standard, we cannot say that the court erred here.

{5}     For the reasons set forth above, we affirm.

{6}     **IT IS SO ORDERED.**


_____

**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____

**MICHAEL E. VIGIL, Judge**


_____

**STEPHEN G. FRENCH, Judge**

4