2003-NMCA-023

62 P.3d 331

**Floyd B. MARTINEZ, Plaintiff–Appellant,**

v.

**Jake SEGOVIA and Becky Segovia, Defendants–Appellees.**

No. 22,139.

Court of Appeals of New Mexico.

Oct. 10, 2002.

William H. Lazar, Santa Fe, NM, for Appellant.

Daniel P. Ulibarri, Daniel J. O'Brien & Associates, P.C., Albuquerque, NM, for Appellee, Jake Segovia.

Katherine W. Hall, Timothy L. Butler, Miller, Stratvert & Torgerson, P.A., Santa Fe, NM, for Appellee, Becky Segovia.

## OPINION

SUTIN, Judge.

{1} A dead person was the named plaintiff. After the statute of limitations had run, the decedent's widow was appointed personal representative of his estate and sought to be substituted as the real party in interest. Without considering the merits of the substitution issue, the district court dismissed the action on the ground of lack of jurisdiction, calling the complaint a nullity. The decedent's widow appeals. We reverse. While a dead person cannot obtain relief, an action filed naming a dead person can remain viable with an allowable substitution of the real party in interest under Rule 1–017(A) NMRA 2002 to pursue the claim even after the applicable statute of limitations period has run.

## BACKGROUND

{2} Floyd Martinez (Martinez) was injured in an automobile accident in April 1996. He died in September 1998 of causes unrelated to the accident, but not before obtaining an attorney for his personal injuries claim. While Martinez was alive, the attorney engaged in discussions with the other party's insurance claims processor. After Martinez died, his widow (Mrs. Martinez) met with the attorney, and in March 1999 an action for damages for the personal injuries Martinez received in the accident was filed against Jake and Becky Segovia (the Segovias). Martinez was named as the plaintiff in the complaint, but the complaint did not mention he was dead. Summons and complaint were not served on the Segovias until November 1999, some eight months after the complaint was filed. When the Segovias answered in December 1999, they were not aware Martinez was deceased.

{3} On the same day the action against the Segovias was filed, Mrs. Martinez applied to the district court for appointment as personal representative of Martinez's estate. She was appointed as personal representative in January 2000. The Segovias were not notified of the appointment.

{4} In June 2000 the attorney who handled these proceedings was permitted to withdraw for medical reasons. In July 2000 the Segovias moved for summary judgment on the ground Martinez failed to exercise due diligence in serving the complaint and, in addition, because the three-year limitation period in NMSA 1978, § 37–1–8 (1976) had expired before the complaint was served. Also in July 2000 Mrs. Martinez, as personal representative of the plaintiff, filed a motion for an extension of time to respond to the Segovias' motion for summary judgment.

{5} A new attorney entered an appearance for the plaintiff in August 2000 and in responding to the motion for summary judgment in September 2000 mentioned that Mrs. Martinez had been appointed personal representative and attached Martinez's death certificate. It was then that the Segovias first learned that Martinez was deceased. The Segovias took the position in their summary judgment reply that the action was a nullity because a dead person cannot sue. In November 2000 a motion was filed to amend the complaint to substitute Mrs. Martinez, as personal representative of Martinez's estate, as the plaintiff.

{6} Without a hearing on the pending motions, the district court in February 2001 dismissed the action by memorandum decision and order of dismissal based on "want of jurisdiction" because Martinez was dead when the complaint was filed. Because the court dismissed on want of jurisdiction, it did not address the pending motions.

{7} On appeal of the order of dismissal in March 2001, this Court remanded to the district court for it to address whether the complaint had been served with reasonable diligence under Rule 1–004(F) NMRA 2002. The district court thereafter ruled that the complaint had been served with reasonable diligence. This Court then resumed consideration of Martinez's appeal and now addresses the issues raised, namely, whether the district court lacked jurisdiction on the ground the complaint was a nullity and, if not, whether Mrs. Martinez should be substituted as the proper plaintiff and permitted to pursue the claim under a relation back procedure. The Segovias contend on appeal that the district court erred in determining Martinez acted with reasonable diligence in serving the complaint.

## DISCUSSION

### The Complaint was not a Nullity; Substitution and Relation Back are Appropriate

{8} The issues require a look at laws and procedures applicable to a decedent's estate and to our rules of procedure. Applying these, we hold the complaint is not a nullity and the district court has subject matter jurisdiction.

{9} The issues of lack of jurisdiction and interpretation and application of law and procedure are legal issues we review de novo. *Gallegos v. Pueblo of Tesuque,* 2002–NMSC–012, ¶ 6, 132 N.M. 207, 46 P.3d 668; *N.M. Right to Choose/NARAL v. Johnson,* 1999–NMSC–028, ¶¶ 7–8, 127 N.M. 654, 986 P.2d 450.

{10} "New Mexico adheres to the broad purposes of the Rules of Civil Procedure and construes the rules liberally, particularly as they apply to pleading." *Las Luminarias of the N.M. Council of the Blind v. Isengard,* 92 N.M. 297, 300, 587 P.2d 444, 447 (Ct.App.1978). " 'The general policy of the Rules requires that an adjudication on the merits rather than technicalities of procedure and form shall determine the rights of the litigants.' " *Id.* (quoting *Carroll v. Bunt,* 50 N.M. 127, 130, 172 P.2d 116, 118 (1946)).

{11} The rules are to "be construed and administered to secure the just, speedy and inexpensive determination of every action." Rule 1–001 NMRA 2002. "All pleadings shall be so construed as to do substantial justice." Rule 1–008(F) NMRA 2002. "Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Rule 1–021 NMRA 2002.

{12} Modern views of pleading and of the capacity to sue and be sued have replaced archaic nullity jurisprudence, particularly where the party asserting the nullity bar is not prejudiced. *See Chavez v. Regents of the Univ. of N.M.,* 103 N.M. 606, 610, 711 P.2d 883, 887 (1985); *Macias v. Jaramillo,* 2000–NMCA–086, ¶¶ 14–16, 129 N.M. 578, 11 P.3d 153.

[The rules of civil procedure] were designed in large part to get away from some of the old procedural booby traps which common-law pleaders could set to prevent unsophisticated litigants from ever having their day in court. If rules of procedure work as they should in an honest and fair judicial system, they not only permit, but should as nearly as possible guarantee that bona fide complaints be carried to an adjudication on the merits.

*Hess v. Eddy,* 689 F.2d 977, 982 (11th Cir. 1982) (quoting *Surowitz v. Hilton Hotels Corp.,* 383 U.S. 363, 373, 86 S.Ct. 845, 15 L.Ed.2d 807 (1966)) (allowing joinder of administratrix under Fed.R.Civ.P. 17(a) after statute of limitations ran), *abrogation on other grounds recognized by Jones v. Preuit & Mauldin,* 876 F.2d 1480 (11th Cir.1989); *cf. State ex rel. Sweet v. Village of Jemez Springs, Inc. City Council,* 114 N.M. 297, 301–02, 837 P.2d 1380, 1384–85 (Ct.App.1992) (allowing joinder of an indispensable party at the appellate stage despite passage of jurisdictional deadline where no prejudice results).

{13} Blindly invoking a nullity rule in a technical fashion disparages the law and procedures available to pursue a claim for or against a decedent's estate. It further invalidates the right to substitute the proper party for this purpose. Although defendants should be protected from duplicate claims by different parties and from other possible prejudicial results, such protection should not be afforded by outweighing the importance of this right with that of mere technicalities in pleading. *See Chavez,* 103 N.M. at 610, 711 P.2d at 887; *Macias,* 2000–NMCA–086, ¶¶ 14–16, 129 N.M. 578, 11 P.3d 153; *see also* NMSA 1978, § 45–3–715(A)(22) (1995) (personal representative's authority to prosecute claims); Rule 1–017(A) (substitution of real party in interest). In the present case, Martinez died intestate and Mrs. Martinez, simultaneous with the filing of the action against the Segovias, sought appointment as personal representative of Martinez's estate. She proceeded to obtain the appointment and then sought to be substituted as the plaintiff. We see no reason to rule that the complaint was a nullity. Rather, we analyze whether

statutes and rules of procedure apply to allow the action to proceed with Mrs. Martinez as the plaintiff in her capacity as personal representative of Martinez's estate.

{14} Under Rule 1–017(A), every action must be prosecuted in the name of the real party in interest. Where prosecution of the action is not in the name of the real party in interest "by reason of honest mistake, ... the court may allow a reasonable time for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Rule 1–017(A). The Rules of Civil Procedure have an overall goal similar to that of the federal rules of making pleading less burdensome and also a specific goal similar to that of the federal rules in requiring prosecution by the real party in interest. *GCM, Inc. v. Kentucky Cent. Life Ins. Co.*, 1997–NMSC–052, ¶ 32, 124 N.M. 186, 947 P.2d 143. "[T]he policies underlying [Rule 1–017(A)] support a liberal interpretation in favor of the movant." *Id.*

{15} Federal R. Civ. P. 17(a) reads differently than Rule 1–017(A). The federal rule says: "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Fed.R.Civ.P. 17(a). While it does not contain the words "by reason of honest mistake," as does Rule 1–017(A), or even the words "understandable mistake," under Federal Rule 17(a), "courts have inferred a prerequisite of 'understandable mistake' and a lack of prejudice to the defendant." *GCM, Inc.*, 1997–NMSC–052, ¶ 31, 124 N.M. 186, 947 P.2d 143. "Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed." Fed.R.Civ.P. 17(a) advisory comm. notes, 1966 amend.

{16} "[T]he real party in interest principle is a means to identify the person who possesses the right sought to be enforced." 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1542 (2d ed.1990), *see also supra*, § 1544. In New Mexico, "[u]pon the death of a person, his separate property and his share of community property devolves[ ] in the absence of testamentary disposition, to his heirs." NMSA 1978, § 45–3–101(B)(3) (1975). Passed to the surviving spouse is all or part of a decedent's intestate estate and the "one-half of the community property as to which the decedent could have exercised the power of testamentary disposition." NMSA 1978, § 45–2–102(A), (B) (1975). These New Mexico Probate Code sections alone would appear to place ownership of the bulk of Martinez's claim for personal injuries in Mrs. Martinez. *See In re Stern's Will*, 62 N.M. 411, 413–14, 311 P.2d 385, 387 (1957) (holding that rights of heirs who will succeed to an interest in a decedent's estate where the decedent dies intestate vest at the moment of the decedent's death). If Mrs. Martinez's sole right to the property were questionable because the Martinez children might own part of it, a determination of heirship would resolve the issue, *see* NMSA 1978, §§ 45–1–302(A)(1) (1978); 45–3–407 (1975), and Mrs. Martinez had commenced just such a proceeding at the same time as she filed the complaint in this case.

{17} To be distinguished from the right possessed is the capacity to sue, that is, the capacity to enforce the right possessed. *See* Wright, *supra*. Martinez's right to compensation for his injuries survived his death. *See Rodgers v. Ferguson*, 89 N.M. 688, 694, 556 P.2d 844, 850 (Ct.App.1976) (adopting a " 'new' common law [survival] rule"). That right is enforceable exclusively pursuant to the Probate Code, and therefore whether Mrs. Martinez has the capacity to sue is controlled under probate law. *Cf. Wilson v. Fritschy*, 2002–NMCA–105, ¶ 18, 132 N.M. 785, 55 P.3d 997 (holding " '[t]here is no common-law right of inheritance. The right of inheritance is purely a creature of statute.' ") (quoting *In re Estate of Brionez*, 8 Neb.App. 913, 603 N.W.2d 688, 692–93 (2000)). The Probate Code applies to "the affairs and estates of decedents." NMSA 1978, § 45–1–301(A) (1975). Under the Probate Code, the personal representative is authorized to prosecute claims for the protection of the estate. § 45–3–715(A)(22). A personal representative has the same stand-

ing to sue as the decedent had immediately prior to death. NMSA 1978, § 45–3–703(E) (1975). Furthermore, "[a] personal representative may ratify and accept acts on behalf of the estate done by others prior to the appointment of the personal representative where the acts would have been proper for a personal representative." NMSA 1978, § 45–3–701(C) (1975).

{18} Mrs. Martinez unquestionably became the real party in interest in every sense intended under Rule 1–017(A) once she was appointed personal representative of Martinez's estate. Upon becoming the personal representative she is "the owner of the right being enforced." *Crumpacker v. De-Naples,* 1998–NMCA–169, ¶ 19, 126 N.M. 288, 968 P.2d 799 (internal quotation marks and citation omitted). Further, she was "in a position to discharge the defendant[s] from the liability being asserted in the suit." *Id.* (internal quotation marks and citation omitted); *see GCM, Inc.,* 1997–NMSC–052, ¶ 31, 124 N.M. 186, 947 P.2d 143 (stating the purpose of Rule 1–017(A) is "to ensure res judicata effect of the judgment and to ensure that the interests involved otherwise are properly protected"); *Rinke v. Johns–Manville Corp.,* 47 Wash.App. 222, 734 P.2d 533, 536 (1987) (stating "[t]he rule is . . . meant to insure that the real party in interest will be made a party to the suit at a time when the interests of the defendants will be protected").

{19} Thus, what governs the viability of a complaint are the foregoing laws and procedures relating to a decedent's estate, heirship, and the pursuit of claims belonging to the estate, combined with our modern pleading and procedural rules. Under these laws and procedures, the complaint was alive and well pending the permitted substitution of the real party in interest.

{20} Aside from the issues of nullity and real party in interest, the Segovias contend that Mrs. Martinez is not entitled to substitution. They argue the district court's musing in a memorandum decision that the plaintiff "initiat[ed] and maintain[ed] a masquerade for months" was an express finding "that the Complaint was not honestly pled."

They also argue the failure to sue in the personal representative's name was not a mistake, because Mrs. Martinez actually applied to be personal representative but delayed obtaining the appointment and seeking substitution for eleven months. We are not persuaded.

{21} The court's use of the word "masquerade" is an unfortunate artifact that is based on no evidence of ill intent, and is hence of no consequence to our decision. The district court's characterization was not related to any substitution determination, because the court decided only the jurisdiction issue and did not address the other pending motions. Furthermore, we see nothing in the record to support a finding or conclusion that Mrs. Martinez's or the attorney's actions or failures to act were other than honest mistakes. There is no evidence of dishonesty or deceptive conduct. Further, there exists no evidence that Mrs. Martinez or the attorney intended to avoid the application of principles of res judicata, that they thought they could achieve an advantage by misleading the Segovias or the court, or that the attorney was engaged in any unseemly behavior in filing the complaint in Martinez's name at the same time she filed a petition for appointment of personal representative in the probate matter. *See* Wright, Miller & Kane, *supra.* (Indicating that Rule 17(a) is not intended to authorize suits in the name of fictitious parties or parties without standing in the hopes that the attorney filing the action will discover real parties later on). Moreover, the Segovias point to no benefit Mrs. Martinez would gain by the inaccuracy. Nor have the Segovias produced any evidence of prejudice.

{22} An action may be taken by mistake and may constitute an honest mistake, even though the person acting could have more diligently ascertained the proper party to sue. *See Rinke,* 734 P.2d at 538. Rule 1–017(A) "is not intended as a method by which the trial court may sanction dilatory plaintiffs." *Rinke,* 734 P.2d at 536. We conclude that naming Martinez as plaintiff in the original pleading was an honest mistake and that Mrs. Martinez pursued appointment

as personal representative and substitution within a reasonable time. She is entitled to be substituted and to pursue the claim under Rule 1–017(A). "As long as no prejudice is shown, the real party in interest may be added at any time, even after trial." *Rinke,* 734 P.2d at 537. "[S]ubstitution shall have the same effect as if the action had been commenced in the name of the real party in interest." Rule 1–017(A).

### Amendment and Relation Back Under Rule 1–015(C) Is Not Required; Were it Required, it Should be Permitted

▆▆▆ {23} Having determined that substitution under Rule 1–017(A) should be permitted, amendment and relation back under Rule 1–015(C) NMRA 2002 is not required. Substitution and relation back under Rule 1–017(A) is not conditioned upon the relation back doctrine in Rule 1–015(C). Discussing Federal Rule 17(a), Wright, Miller & Kane explains that the relation back provision in Rule 17(a) is consistent with the relation back provision in Fed.R.Civ.P. 15(c) and that Rule 15(c) has been used in conjunction with Rule 17(a) to enable amendment to substitute the real party in interest and allow the amendment to relate back to the date of the filing of the action. *See* Wright, *supra.* However, under both Federal Rule 17(a) and Rule 1–017(A), substitution automatically relates back. *See Hess,* 689 F.2d at 981; *Rinke,* 734 P.2d at 537, 539.

The final sentence in Rule 17(a) is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought. Thus, a correction in parties is permitted even after the statute of limitations governing the action has run.

Wright, *supra.* (Footnote omitted). Were this not the case, however, relation back in Rule 1–015(C) would permit amendment to substitute Mrs. Martinez.

▆▆▆ {24} Relation back in Rule 1–015(C) is permissible where "[t]he nature of the claim in [the] amended complaint would remain unchanged from that asserted in the original complaint and would arise out of 'the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading,' " and where the party opposing the amendment cannot show prejudice if the amendment is allowed. *Chavez,* 103 N.M. at 610, 711 P.2d at 887 (citation omitted); *Crumpacker,* 1998–NMCA–169, ¶ 17, 126 N.M. 288, 968 P.2d 799. "[L]eave shall be freely given when justice so requires." Rule 1–015(A).

{25} The Segovias knew from the original complaint what the issues were and who the injured party was. The fact that Martinez died before the action was filed but was nevertheless named as the plaintiff did not prejudice their ability to defend. No evidence exists that Mrs. Martinez's delay in obtaining appointment as personal representative and moving for substitution prejudiced the Segovias. Thus, under the rule, and in conformity with the interests of justice and the adjudication of a case on its merits, amendment with relation back permitting Mrs. Martinez under Rule 1–015(C) as personal representative of Martinez's estate to proceed with the complaint for damages for personal injuries would be appropriate. *See Macias,* 2000–NMCA–086, ¶ 14, 129 N.M. 578, 11 P.3d 153; *Crumpacker,* 1998–NMCA–169, ¶¶ 16–17, 126 N.M. 288, 968 P.2d 799.

### The District Court did not Err in Determining Due Diligence in Service

▆▆▆ {26} The Segovias seek de novo review of the district court's determination that summons and complaint were served with reasonable diligence under Rule 1–004(F). They do so on the ground that the court applied the wrong standard in making its determination. Specifically, the Segovias contend the district court did not apply a standard of objective reasonableness—that is, a standard looking at whether the attorney's actions "were … objectively reasonable and were … undertaken with due diligence." We consider this a point raised pursuant to Rule 12–201(C) NMRA 2002, and therefore address the point even though the Segovias did not cross-appeal under Rule 12–201(B).

▆▆▆ {27} In making its determination of due diligence, the district court considered our decision in *Graubard v. Balcor Co.,* 2000–

NMCA–032, 128 N.M. 790, 999 P.2d 434, in which we mentioned the standard of objective reasonableness. *Id.* ¶ 12. Neither *Graubard* nor the Segovias describe what we are to consider when applying the standard of objective reasonableness under these circumstances. We think it reasonable to consider the totality of circumstances and to weigh the actions taken by Mrs. Martinez to obtain service against the prejudice to the Segovias resulting from the delay of service.

{28} Mrs. Martinez sets out circumstances that, she argues, objectively constitute a showing of a manifest intent on her part to prosecute the case. Specifically, her evidence shows (1) the attorney employed two process servers, beginning within a month of the filing of the complaint; (2) several attempts were made to serve the complaint between April 1999 and November 1999; (3) an attempt was made in June 1999 to search voter records to find the Segovias' address; (4) after Martinez's death, Mrs. Martinez made reasonable efforts to advance the case by repeatedly contacting the attorney to check on the status of the case; (5) Mrs. Martinez was repeatedly assured that the case was being prosecuted; and (6) Mrs. Martinez was appointed personal representative for the purpose of prosecuting the action against the Segovias on behalf of the estate. Further, the record shows the attorney filed the probate proceeding simultaneously with the complaint in this case. Every indication exists that Mrs. Martinez intended to pursue the action as personal representative. She sought merely to correct the record to reflect the reality of Martinez's death and her possession of the right to assert the claim. In addition, the Segovias have shown no specific prejudice.

{29} In considering a motion relating to due diligence under Rule 1–004(F), the district court is to exercise its discretion in determining whether delay demonstrates a lack of due diligence and whether the delay warrants dismissal of the complaint. *Graubard,* 2000–NMCA–032, ¶¶ 12–13, 128 N.M. 790, 999 P.2d 434. We review the issue under the abuse of discretion standard of review. *See GCM, Inc.,* 1997–NMSC–052, ¶ 28, 124 N.M. 186, 947 P.2d 143; *Crumpacker,* 1998–NMCA–169, ¶ 16, 126 N.M. 288, 968 P.2d 799. In doing so, we cannot say that the

district court's determination was "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn from such facts and circumstances." *Zamora v. CDK Contracting Co.,* 106 N.M. 309, 314, 742 P.2d 521, 526 (Ct.App. 1987) (internal quotation marks and citation omitted). The district court did not "act[ ] arbitrarily or unreasonably under the particular circumstances." *GCM, Inc.,* 1997–NMSC–052, ¶ 28, 124 N.M. 186, 947 P.2d 143 (internal quotation marks and citation omitted). Nor can we say that the determination was unsupported by substantial evidence. *See State v. House,* 1999–NMSC–014, ¶ 32, 127 N.M. 151, 978 P.2d 967. In addition, while a review for abuse of discretion may require an inquiry into whether the district court's determination was "premised on a misapprehension of the law," *see Johnson,* 1999–NMSC–028, ¶ 7, 127 N.M. 654, 986 P.2d 450 (internal quotation marks and citation omitted), we are not persuaded that the district court misapprehended the law as stated in *Graubard* or misapplied that law in the present case.

{30} We therefore hold the district court did not err in determining that summons and complaint were served with reasonable diligence under Rule 1–004(F).

**CONCLUSION**

{31} The complaint naming a dead person as plaintiff in the action against the Segovias was not a nullity. The district court had jurisdiction to entertain substitution of Mrs. Martinez, as personal representative of Martinez's estate, to prosecute the action as the real party in interest. Mrs. Martinez is to be substituted as Plaintiff to prosecute the action as personal representative of Martinez's estate. The statute of limitations does not bar her claim. We reverse and remand to the district court for proceedings consistent with this opinion.

{32} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and RODERICK T. KENNEDY, Judges.