This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-38421

SCOTT D. DONALDSON and
MICHELLE M. DONALDSON,
Husband and Wife; and JAMES M.
MARCOTTE and ELIZABETH
J. MARCOTTE, Husband and Wife,

       Plaintiffs-Appellants,

v.

BRIDGE INVESTMENT GROUP;
CDS RAINMAKERS-LAND, LLC;
RAINMAKERS REALTY LLC; CDS
RAINMAKERS-GOLF, LLC; MIKE
O'BRIEN; REEVES MCGUIRE; and
JESS RADLE,

       Defendants-Appellees.

APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY
James Waylon Counts, District Judge

The Threet Law Firm
Joseph L. Romero
Albuquerque, NM

for Appellants

Lewis Roca Rothgerber Christie LLP
Ross L. Crown
Albuquerque, NM

for Appellees

### MEMORANDUM OPINION

**DUFFY, Judge.**

**{1}** Plaintiffs appeal after the district court dismissed their complaint for failure to timely effect service of process. Plaintiffs argue that the district court (1) erred as a matter of law by applying an incorrect standard to evaluate Defendants' motion to dismiss, and (2) abused its discretion in dismissing the complaint in light of the totality of the circumstances. Unpersuaded, we affirm.

## DISCUSSION

**{2}** In this case, Defendants filed a motion to dismiss the claims against them for lack of diligent service of process, noting that "it took Plaintiffs almost twenty-three months to effectuate service of process from the time they initiated the lawsuit." Under Rule 1-004(C)(2) NMRA, "[s]ervice of process shall be made with reasonable diligence[.]" "In considering a motion relating to due diligence under Rule 1-004[(C)], the district court is to exercise its discretion in determining whether delay demonstrates a lack of due diligence and whether the delay warrants dismissal of the complaint." *Martinez v. Segovia*, 2003-NMCA-023, ¶ 29, 133 N.M. 240, 62 P.3d 331. The standard for determining whether a delay in service demonstrates a lack of due diligence is one of objective reasonableness. *Romero v. Bachicha*, 2001-NMCA-048, ¶ 23, 130 N.M. 610, 28 P.3d 1151. This Court has said that "[w]e think it reasonable to consider the totality of circumstances and to weigh the actions taken by [the plaintiff] to obtain service against the prejudice to the [defendant] resulting from the delay of service." *Martinez*, 2003-NMCA-023, ¶ 27.

**{3}** Plaintiffs' first argument—that the district court applied an incorrect standard to evaluate Defendants' motion—is easily disposed of, given that we can find no evidence of the holding Plaintiffs object to in the portions of the record cited in their briefing. According to Plaintiffs, the district court "relied heavily on" *Musick v. Sierra Nevada Property Management Co.*, No. A-1-CA-34134, mem. op. (N.M. Ct. App. May 3, 2016) (non-precedential). Plaintiffs contend "the [d]istrict [c]ourt gave *Musick's* length of time factor great weight [but that] *Musick* needed to be a reported decision in order to accord such weight in any multi-factored analysis." Defendants responded to this argument by pointing out that "[i]n deciding Defendants' motion to dismiss, the district court did not refer to *Musick*, nor did it even mention anything about a two-year test for determining lack of due diligence in serving a complaint."

**{4}** The recorded hearing is a matter of record and, having reviewed the entire proceeding, Defendants are correct—the district court did not refer to *Musick* or a two-year test at any point during the hearing, much less the portion cited by Plaintiffs in support of their argument. Nevertheless, Plaintiffs continued to argue in their reply brief that "the [d]istrict [c]ourt decided the case under *Musick's* time constraints" and that "the [d]istrict [c]ourt did not fully adhere to [the totality of the circumstances] test by its improper reliance on *Musick*[.]" Plaintiffs did not address or respond to Defendants' point that the district court did not rely on *Musick* at all, nor did they provide any new or additional citations to the record to support their characterization of the district court's disposition. Given this, it is appropriate to caution and remind counsel of the duties imposed by the Rules of Appellate Procedure to provide a fair and accurate summary of

the disposition in the court below, as well as "citations to the record proper, transcript of proceedings, or exhibits supporting each factual representation[.]" Rule 12-318(A)(3) NMRA. Because Plaintiffs' argument is unsupported by any showing that the district court erred by purportedly applying an incorrect standard to evaluate Defendants' motion to dismiss, Plaintiffs have failed to demonstrate grounds for reversal on this point. *See Herald v. Bd. of Regents of Univ. of N.M.*, 2015-NMCA-104, ¶ 47, 357 P.3d 438.

**{5}**     Plaintiffs also argue that the district court abused its discretion in granting Defendants' motion under a totality of the circumstances analysis. *See Martinez*, 2003-NMCA-023, ¶ 27.[1] "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the trial court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted).

**{6}**     The record on appeal discloses that the district court had before it—and appears to have considered—circumstances other than just Plaintiffs' twenty-three month delay in serving Defendants. Indeed, focusing on the standard outlined in *Martinez*, Defendants explicitly argued the prejudice they would suffer if required to defend against allegations of oral misrepresentations that occurred in 2005 at a trial occurring no earlier than 2019. Similarly, the parties also advanced competing assertions about whether the passage of time had resulted in lost opportunities to resolve the underlying dispute.

**{7}**     Further, regarding the question of whether any of the prejudice advanced by Defendants was outweighed by Plaintiffs' efforts to obtain service, *see Martinez*, 2003-NMCA-023, ¶ 27, the district court noted that Plaintiffs made no attempt to serve any Defendant for what turned out to be twenty months after the complaint was filed. Thus, the court noted, given Plaintiffs' lack of any attempt at service over that timeframe, no fault for the delay could be attributed to Defendants who appear to have been amenable to service once Plaintiffs ultimately undertook to serve them.

**{8}**     The district court also acknowledged the "sympathetic circumstances" described by Plaintiffs involving the health of the attorney who originally filed the underlying complaint. According to Plaintiffs, those circumstances ultimately prevented that attorney from continuing to represent them. Their current counsel allegedly joined the firm five months later. He contended in his response to Defendants' motion to dismiss that the case was never entered into the firm's computerized case management system and he did not become aware of the pendency of this litigation until one of the Plaintiffs contacted him to inquire about the status of the case. While Plaintiffs did not provide the

---

[1]Plaintiffs also raise an unpreserved issue regarding whether the district court should have synthesized the standards articulated in our cases dealing with Rules 1-041(E) NMRA and 1-060(B) NMRA for application to a motion filed pursuant to Rule 1-004(C). "We generally do not consider issues on appeal that are not preserved below[,]" *State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 (internal quotation marks and citation omitted), and decline to consider Plaintiffs' arguments on that basis.

date of that phone call, counsel wrote that he filed an amended complaint "[i]mmediately afterwards." The amended complaint was filed on May 31, 2018, some twenty months after the original complaint was filed on September 30, 2016. This stands in contrast to *Martinez*, where this Court credited as evidence of due diligence that the plaintiff had "made reasonable efforts to advance the case by repeatedly contacting the attorney to check on the status of the case" within the seven months that the suit was pending. *Id.* ¶ 28. The district court also expressed its surprise that the summonses had not been prepared at the same time the original complaint was filed or that counsel had not noticed the absence of summonses in the file and quickly acted to initiate service of the complaint.

**{9}** Ultimately, the record reveals that the district court considered the totality of the circumstances and weighed Plaintiffs' actions and circumstances against the prejudice to Defendants, as required by *Martinez*, before reaching its decision. Given the balance of those circumstances, we cannot say that the court's decision to grant the dismissal motion was "clearly untenable or not justified by reason." *See Rojo*, 1999-NMSC-001, ¶ 41. Accordingly, the district court's order dismissing this action is affirmed.

**{10}   IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**JACQUELINE R. MEDINA, Judge**