**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**November 30, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

JASON T. GATLIN,

    Plaintiff - Appellant,

v.

CORECIVIC, INC., f/k/a Corrections
Corporation of America; CENTURION
CORRECTIONAL HEALTHCARE OF
NEW MEXICO, LLC,

    Defendants - Appellees.

No. 22-2031
(D.C. No. 1:21-CV-00680-RB-JHR)
(D. N.M.)

_____

### ORDER AND JUDGMENT[*]

_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.

_____

Jason T. Gatlin appeals the district court's order dismissing his suit against

CoreCivic, Inc. (CoreCivic) and Centurion Correctional Healthcare of New Mexico,

LLC (Centurion) for improper service of process.  Exercising jurisdiction under

28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

## I.  BACKGROUND

According to the allegations in Mr. Gatlin's complaint, CoreCivic operates the Northwestern New Mexico Correctional Center (NNMCC) under a contract with the State of New Mexico.  In turn, CoreCivic contracts with Centurion to provide medical care to inmates.

Mr. Gatlin broke his foot while he was an inmate at NNMCC.  Between May and August 17, 2017, he allegedly filed four grievances concerning Centurion's failure to treat the injury.  Dissatisfied with CoreCivic's responses and the belated treatment he received from Centurion, Mr. Gatlin, through counsel, filed suit in New Mexico state court on January 30, 2020, alleging a claim against CoreCivic and Centurion under 42 U.S.C. § 1983 for the alleged violation of his rights under the Eighth and Fourteenth Amendments and various state-law negligence claims (Gatlin I).

Soon thereafter, on March 20, 2020, Mr. Gatlin filed a pro se complaint in New Mexico state court (Gatlin II).  In Gatlin II, Mr. Gatlin sued the New Mexico Department of Corrections (NMDC) and CoreCivic under § 1983 for the alleged violation of his constitutional rights by operating the NNMCC above maximum capacity in violation of a consent decree, unsanitary living conditions that resulted in multiple staph infections, and lack of changes to the menu.  On August 27, 2020, CoreCivic removed Gatlin II to federal court.[1]

---

[1] The NMDC was eventually served on June 22, 2021, but only after the magistrate judge entered an order setting a deadline for service to avoid dismissal.

On January 25, 2021, the state court dismissed Gatlin I for failure to prosecute. In its order, the court added that Mr. Gatlin could move to reinstate the action within thirty days; however, it warned that failure to comply with the thirty-day deadline would result in denial of the motion without a hearing.

Eventually, on March 30, 2021—more than thirty days after the deadline for reinstatement had passed—Mr. Gatlin's attorney filed an untimely motion to reinstate the complaint. As grounds, he explained that "[Mr.] Gatlin has now been released from custody and is ready to move the case forward and officially serve the Defendants." Centurion's Suppl. App. at 29. Also on March 30, the same attorney representing Mr. Gatlin in Gatlin I entered his appearance in Gatlin II.

Even though the state court had not ruled on the motion to reinstate Gatlin I, Mr. Gatlin served Centurion and CoreCivic on June 22 and 23, 2021, respectively—nearly three months after he told the state court that he was "ready to move the case forward." *Id.* On July 22, 2021, Centurion removed Gatlin I to federal court.

CoreCivic and Centurion each moved to dismiss Gatlin I on several grounds, including insufficient service of process under Fed. R. Civ. P. 12(b)(5). Specifically, they argued that Mr. Gatlin failed to exercise reasonable diligence in effecting service of process as required under New Mexico law. The district court agreed and granted the motions to dismiss. Mr. Gatlin appeals.

## II. STANDARD OF REVIEW

"We review under an abuse-of-discretion standard the decision to dismiss a defendant for failure of proper service." *Constien v. United States*, 628 F.3d 1207,

3

1213 (10th Cir. 2010) (internal quotation marks omitted). Under the abuse-of-discretion standard, "a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (internal quotation marks omitted).

### III. LEGAL FRAMEWORK

Federal Rule of Civil Procedure 12(b)(5) authorizes dismissal of a lawsuit for insufficient service of process. "Because the action was in [New Mexico] state court before removal, we examine [New Mexico's] service requirements." *Knight v. Mooring Cap. Fund, LLC*, 749 F.3d 1180, 1184 (10th Cir. 2014). *See also Wallace v. Microsoft Corp.*, 596 F.3d 703, 706 (10th Cir. 2010) (holding that "federal courts in removed cases look to the law of the forum state . . . to determine whether service of process was perfected prior to removal"); Fed. R. Civ. P. 81(c)(1) (providing that the Federal Rules of Civil Procedure govern "after [a civil action] is removed from a state court").

Rule 1-004(C)(2) of the New Mexico Rules of Civil Procedure provides that "[s]ervice of process shall be made with reasonable diligence[.]" "In considering a motion relating to due diligence under Rule 1-004[(C)(2)], the district court is to exercise its discretion in determining whether delay demonstrates a lack of due diligence and whether the delay warrants dismissal of the complaint." *Martinez v. Segovia*, 62 P.3d 331, 338 (N.M. Ct. App. 2002). A "standard of objective

4

reasonableness" applies, under which a court should "consider the totality of circumstances" and "weigh the actions taken by [the plaintiff] to obtain service against the prejudice to the [defendants] resulting from the delay of service." *Id.*

## IV.  ANALYSIS

According to Mr. Gatlin, the district court abused its discretion in two ways. First, the court erred in finding there was a seventeen-month delay in service between the time when Gatlin I was filed in January 2020 and when CoreCivic and Centurion were served in June 2021.  Instead, he maintains that CoreCivic and Centurion were "placed on notice that [he] had a claim against them such that [they] would have started preserving evidence" as early as August 27, 2020, when Gatlin II was removed to federal court; thus, there was no prejudice from the delay in service. Aplt. Opening Br. at 12.  Second, he argues the court failed to consider "[t]he COVID-19 pandemic . . . in [its] analysis." *Id.* at 13.  Specifically, Mr. Gatlin maintains the pandemic "limited access to prisoners . . . and therefore, [he] should have been given significant latitude to proceed with his case." *Id.*

The problem with the first argument is that Mr. Gatlin failed to raise it in the district court and does not argue plain error on appeal.  Therefore, the issue is waived.  *See, e.g.*, *Rumsey Land Co. v. Res. Land Holdings, LLC (In re Rumsey Land Co.)*, 944 F.3d 1259, 1271 (10th Cir. 2019) ("If an appellant does not explain how its

forfeited arguments survive the plain error standard, it effectively waives those arguments on appeal.").[2]

Mr. Gatlin's second argument fares no better. Here, the district court specifically considered his pandemic-related arguments and rejected them as objectively unreasonable under the totality of the circumstances.

The district court first outlined the numerous delays, including the fact that the state court dismissed the suit for failure to prosecute and Mr. Gatlin's failure to comply with the deadline to seek reinstatement. Moreover, the court noted that despite Mr. Gatlin's assertion that he was "ready to move the case forward . . . [he] took almost three *more* months to serve Centurion and CoreCivic." Aplt. App. at 57 (internal quotation marks omitted). Also of note, the court found that "[a]pproximately ten months passed from the time the statute of limitations ran [in August 2020] to the time [Mr.] Gatlin served [CoreCivic and Centurion.]" *Id.*[3]

Next, the district court considered and rejected Mr. Gatlin's argument that his incarceration was sufficient to justify the delay, noting that he "filed a second lawsuit pro se while he was incarcerated, which evidence[d] his ability to participate in legal proceedings while at the NNMCC." *Id.*

---

[2] Mr. Gatlin fails to explain how a suit about prison overcrowding would put CoreCivic on notice about a suit involving a foot injury or how Centurion, who was not named as a party in Gatlin II, would have had notice of any legal action whatsoever by Mr. Gatlin.

[3] The parties agree that a three-year statute of limitations applies to both the federal and state-law claims, and that the statute ran in August 2020, three years after Mr. Gatlin filed his fourth and final grievance on August 17, 2017.

Last, although the district court "sympathize[d] with the complications COVID-19 has caused attorneys and their incarcerated clients, the pandemic does not fully excuse the 17-month delay in this case." *Id.* at 58. In particular, the court found that Mr. Gatlin failed to explain why he could not communicate with his attorney between the time when suit was filed in late January 2020 and when "the New Mexico Governor [first] declare[d] a pandemic-related state of emergency [in] mid-March 2020." *Id.* Nor was there any evidence "to support a finding that [Mr. Gatlin and his attorney] had *no* opportunities to communicate . . . in the more than 14 months between the time . . . the Complaint [was filed] and the time he moved to reinstate the lawsuit." *Id.* "In fact, when [Mr.] Gatlin moved to reinstate the state lawsuit in March 2021, he did not blame [the] failure to prosecute on the pandemic or on lack of communication. Rather, he simply stated that he had been released from custody and [was] ready to move the case forward." *Id.* (internal quotation marks omitted). Nor was any explanation offered for the three-month delay in service following the motion to reinstate.

The district court weighed these circumstances against the prejudice to CoreCivic and Centurion, including the "delay[, which] robbed [them] of the best evidence from witnesses, as the memories of staff . . . will have faded . . . in the intervening years." *Id.* at 59 (brackets and internal quotation marks omitted). Ultimately, after considering the totality of the circumstances, the court concluded that the delay was not objectively reasonable and granted the motions to dismiss for insufficient service. This was not an abuse of discretion.

## V.  CONCLUSION

The judgment of the district court is affirmed.

Entered for the Court

Nancy L. Moritz
Circuit Judge