This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39558

**DAVID GRIEGO,**

Plaintiff-Appellant,

v.

**JOHN SERNA,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MORA COUNTY**
**Flora Gallegos, District Court Judge**

Christopher P. Lucero
Albuquerque, NM

for Appellant

Riley Keller Alderete Gonzales
David A. Gonzales
Mathew R. Wadsworth
Victor E. Sanchez
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** The district court dismissed Plaintiff David Griego's suit against Defendant John Serna[1] on the grounds that he had failed to serve process on Defendant "with

---

[1]While this appeal was pending, Mr. Serna died. Following a motion to substitute, this Court substituted Sophie Serna, personal representative of the estate of John Serna, as Defendant. However, because the discussion of this opinion relates to events that transpired during Mr. Serna's lifetime when he was a party in the underlying action, we refer to Mr. Serna as Defendant.

reasonable diligence," as required by Rule 1-004(C)(2) NMRA. Plaintiff appeals, contending that the district court abused its discretion. We affirm the dismissal, and as a result, we do not reach the abatement questions that arose due to the death of Defendant during the pendency of this appeal.

## DISCUSSION

**{2}** We review a dismissal based on inadequate service of process for abuse of discretion. *Martinez v. Segovia*, 2003-NMCA-023, ¶ 29, 133 N.M. 240, 62 P.3d 331. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the [district] court abused its discretion by its ruling unless we can characterize it as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). Relatedly, we will not find an abuse of discretion solely because the district court might have reached a different result, *see Talley v. Talley*, 1993-NMCA-003, ¶ 12, 115 N.M. 89, 847 P.2d 323 ("When there exist reasons both supporting and detracting from a [district] court decision, there is no abuse of discretion."), and we presume the correctness of the district court's decision. *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063.

**{3}** Rule 1-004(C)(2) states that "[s]ervice of process shall be made with reasonable diligence." Although the rule does not define "reasonable diligence," the relevant case law interprets this language to impose an objective standard under which courts "consider the totality of circumstances," and "weigh the actions taken by [the plaintiff] to obtain service against the prejudice to the [defendant] resulting from the delay of service." *Martinez*, 2003-NMCA-023, ¶ 27.

**{4}** Here, the district court applied this test and concluded that Plaintiff's actions did not satisfy this objective standard of "reasonable diligence." On appeal, Plaintiff does not appear to argue that the district court applied the wrong test, but rather that it applied the correct test in an erroneous manner. Specifically, Plaintiff argues that the district court erred by: (1) failing to consider the length of the delay and Plaintiff's reasons for it, which he claims were reasonable because they are consistent with a common civil litigation practice; and (2) failing to identify and weigh specific prejudice to Defendant resulting from the delay in service. We discuss Plaintiff's claims of error in turn.

## I. The District Court Did Not Err in Weighing the Delay in Service

**{5}** The crux of Plaintiff's first claim of error is that the district court—in weighing the "totality of circumstances" under the *Martinez* test, *id.*—failed to properly consider the reasons for the five-and-a-half month period of delay between the filing of Plaintiff's complaint and the eventual service of process on Defendant. In essence, Plaintiff argues that during this period he withheld service of process to engage in the "common practice" of "prelitigation negotiation." As Plaintiff explains, civil plaintiffs must occasionally file a suit in order to toll a statute of limitations, but then such plaintiffs may

choose to withhold service of process in an effort to "negotiate . . . claims without litigation." He asserts that this practice "helps reduce the litigation burden on New Mexico's courts" by encouraging less costly forms of dispute resolution. In Plaintiff's view, by following this widespread practice he acted with diligence in pursuing the claim, and the district court erred in failing to weigh this diligence in its "totality of circumstances" reasonable diligence analysis. Moreover, he argues that the five-and-a-half month period of delay was "well within the timeframe for service that this [Court] and other [c]ourts have blessed"—a fact that he argues was ignored by the district court.

**{6}** Even if we accept the general principle that post-complaint and preservice negotiation can be consistent with Rule 1-004(C)(2)'s "reasonable diligence" standard, we agree with the district court that no such negotiation occurred here. The record is devoid of any indication of contact between Plaintiff and Defendant—or even Plaintiff and Defendant's insurer—during the five-and-a-half month period between the filing of the complaint and the eventual service of process. In an attempt to show the kind of "prelitigation negotiation practice" that he believes to be reasonably diligent, Plaintiff points to: (1) a letter that his counsel sent to Defendant's insurance carrier two weeks before the suit was filed; (2) a voicemail received from the insurance adjuster in response to that letter five days later; and (3) an email chain with an insurance adjuster dated ten days after service of process was effectuated. However, it is undisputed that none of these communications took place during the five-and-a-half month period of delay that is relevant to Rule 1-004(C)(2)'s reasonable diligence analysis. Moreover, although the initial letter to the insurer states that "[a] demand letter will follow shortly"— suggesting a potential start of prelitgation negotiation—the record contains no subsequent demand letter or any further indication that Defendant or his insurer were ever made aware of the filing of the lawsuit prior to process being served. These circumstances, in conjunction with the undisputed fact that service was never attempted during the relevant five-and-a-half month period of delay, indicate that the district court's conclusions about Plaintiff's lack of reasonable diligence were not so "clearly against the logic and effect of the facts and circumstances of the case" as to constitute an abuse of discretion. *Rojo*, 1999-NMSC-001, ¶ 41. In addition, the mere fact that other cases have accepted longer delays for service of process is not a basis for concluding that the district court abused its discretion here. The totality of circumstances standard for "reasonable diligence" under Rule 1-004(C)(2) is fact-intensive, and the lack of a bright-line rule, coupled with the discretion entrusted to district courts, invariably leads to different outcomes because the length of the delay is not the only factor courts must consider. Courts must also consider other factors, such as the reasons for the delay, what efforts were made to effect service, and prejudice resulting from the delay. With respect to factors other than the length of delay, Plaintiff has not accounted for any differences between the cases he relies on and his own case, and we do not believe that any of the cited cases support the conclusion that the district court abused its discretion here.

## II.     Plaintiff Has Not Established That the District Court Erred in Its Prejudice Analysis

**{7}** Before we discuss what Plaintiff argues regarding the prejudice factor, we emphasize that Plaintiff has not made a substantial evidence challenge to the district court's finding that "Defendant was prejudiced by [the] delay" in service. *See* Rule 12-318(A)(3), (4) NMRA. That finding is therefore binding on appeal. *Crutchfield v. N.M. Dep't of Tax'n & Revenue*, 2005-NMCA-022, ¶ 17, 137 N.M. 26, 106 P.3d 1273.

**{8}** Plaintiff argues that the district court erred in failing "to *identify and weigh any specific* prejudice [Defendant] suffered, as binding precedent required it to do." The binding precedent referred to by Plaintiff is *Martinez*, 2003-NMCA-023, ¶ 27, which he reads to impose a strict requirement that a court may only dismiss a suit under Rule 1-004(C)(2) if the court identifies "specific prejudice" that is "*actually* suffered" by a defendant. At the outset, we note that Plaintiff crafts no argument as to why *Martinez*'s broadly framed "totality of circumstances," 2003-NMCA-023, ¶ 27, test should be interpreted in this manner, and to the extent Plaintiff urges this Court to impose such a requirement, his argument is conclusory and underdeveloped. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them.").

**{9}** Plaintiff also argues that the district court's dismissal "largely rested on its finding that [Defendant] had suffered prejudice," but we do not believe the record supports Plaintiff's argument. Both the order of dismissal and the court's oral ruling focus on (1) the lack of attempts to actually serve Defendant, even though Plaintiff knew where Defendant resided; (2) Defendant's lack of notice of the pending lawsuit; and (3) the lack of any communication or negotiation between the parties during the five-and-a-half month period of delay between the filing of the complaint and the service of process. In the order of dismissal, the district court found, among other things, that "Defendant was prejudiced by this delay." *Martinez* makes clear that it is appropriate for a court to consider "prejudice to the [defendant] resulting from the delay of service," 2003-NMCA-023, ¶ 27, and we see nothing in the record suggesting that the district court placed such great weight on prejudice that its ruling amounts to an abuse of discretion. *See Rojo*, 1999-NMSC-001, ¶ 41.

**CONCLUSION**

**{10}** We affirm.

**{11}  IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**